[Crim. No. 3572. Fifth Dist. Apr. 30, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK ELMO FIELDS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard Shapiro, Michael Zola and Gayle Guynup, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel E. Carey and Arthur G. Scotland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, Acting P. J.**—This appeal tests the scope and applicability of Penal Code section 135[1] which prohibits the knowing destruction or concealment of any "book, paper, record, instrument in writing, or *other matter or thing,. . .about to be produced* in evidence upon any trial, inquiry, *or investigation whatever*, authorized by law. . ." (italics added). The precise question is whether the statute applies to the destruction of contraband (marijuana) by a jail inmate for the purpose of preventing the contraband from being used as evidence in a future criminal proceeding. We hold that the statute does so apply; accordingly, we affirm the judgment.

The facts supporting appellant's conviction are as follows: Deputy Sheriff Fred Ray of the Stanislaus County jail discovered a shoebox lid containing a small quantity of a green leafy substance and 20 to 30 handrolled cigarettes during a routine search of the jail dormitory. He took the lid into the day room, placed it on a table, and began to examine its contents. Ray testified that the substance appeared to be marijuana. Appellant, who was a jail inmate, approached Officer Ray and asked Ray if he were "going to flush it." Apparently being dissatisfied with the officer's response, appellant then grabbed the lid, ran to the toilet at the back of the cell, and flushed the contents of the lid down the toilet.

## DISCUSSION

In California, there is no rule of strict construction of penal statutes. Such statutes are to be construed ". . .according to the fair import of their terms, with a view to effect [their] objects and to promote justice." (Pen. Code, § 4; see also *People* v. *Upchurch* (1978) 76 Cal.App.3d 721, 723 [143 Cal.Rptr. 113]; 1 Witkin, Cal. Crimes (1963) § 10, pp. 12-13.) ■ A statute is to be given a reasonable and common sense construction in accordance with its apparent purpose and the intent of the Legislature—one that is practical rather than technical and that will lead to a wise policy rather than to mischief or an absurdity (45 Cal.Jur.2d, Statutes, § 116, pp. 625-626). ■ The legislative in-

---

[1]Penal Code section 135 provides: "Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor."

tent should be gathered from the whole statute rather than from isolated parts or words. All of the parts should be construed together if possible without doing violence to the language or spirit of the statute (*id.*, § 117, pp. 626-627).

■ Appellant first argues that Penal Code section 135 contemplates only writings.[2] He points to the listing of "book, paper, record, instrument in writing, or other matter or thing," in the statute and urges that the maxim *noscitur a sociis* ("it is known from its associates") limits the words "other matter or thing," to writings. Appellant also asserts the maxim *ejusdem generis*—that "particular expressions qualify those which are general"—so that when general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to the preceding specific words. (Civ. Code, § 3534; see Black's Law Dict. (5th ed. 1979) p. 464.) While these maxims indeed support appellant's interpretation, they are merely extrinsic aids to interpretation and are to be used only when the clear meaning of the words used in the statute is doubtful; such aids may not be used to create doubts or offset the plain meaning of the statutes (see 45 Cal.Jur.2d, Statutes, § 97, pp. 611-612). In the present case, application of the maxims would unduly restrict the phrase "other matter or thing" to less than its fair import and commonly understood meaning.

Although we have been unable to find any case in which a person has been convicted of violating Penal Code section 135 on the basis of the destruction or concealment of narcotics or contraband, there is dicta in *People* v. *Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115], holding that narcotics fall within the proscription of the statute. In *Mijares* the defendant was convicted of possession of narcotics. A witness had observed the defendant lean inside a parked car, remove an object from the interior and throw it into a nearby field. After deciding that handling narcotics for the sole purpose of disposal does not constitute possession, the court stated: "Furthermore, certain actions relating to abandonment of narcotics may also fall within the proscription of section 135 of the Penal Code, forbidding the destruction or concealment of evidence." (6 Cal.3d at p. 422.)

---

[2]Although the heading of section 135 refers to "destroying or concealing documentary evidence," appellant apparently concedes that the section headings in the Penal Code "shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the [statute]." (Pen. Code, § 10004.)

In *People* v. *Lee* (1970) 3 Cal.App.3d 514 [83 Cal.Rptr. 715], the defendant was convicted of attempted murder. The shoes worn by the defendant at the time he kicked the victim were given to the public defender by the defendant's wife. The court said: "A defendant in a criminal case may not permanently sequester physical evidence such as a weapon or other article used in the perpetration of a crime by delivering it to his attorney. Section 135 of the Penal Code provides: [code section set forth in full]." (*Id.*, p. 526.) (See also *People* v. *Santos* (1972) 26 Cal.App.3d 397, 403 [102 Cal.Rptr. 678], involving a defendant's gun and *People* v. *Superior Court* (*Reilly*) (1975) 53 Cal.App.3d 40 [125 Cal.Rptr. 504], involving a wallet, photographic material and a check container where the court said, "It must also be borne in mind that it is a criminal offense to destroy or conceal evidence" (*id.*, at p. 49, citing Pen. Code, § 135).

We therefore construe the phrase, "other matter or thing" to encompass an unending variety of physical objects such as the green leafy material and handrolled cigarettes in the case at bench.

Appellant next contends that the language "about to be produced in evidence upon any trial, inquiry, or investigation whatever" limits Penal Code section 135 to cases where *formal* legal proceedings are pending; he argues that this language does not encompass a police or law enforcement investigation. Appellant relies on other statutes dealing with the same general topic as Penal Code section 135 (statutes *in pari materia*).[3] Again, appellant's interpretation is contrary to the fair import of the statute; it ignores the words "or investigation *whatever*" (italics added). The seizure and examination of the marijuana by Deputy Ray was an authorized police investigation of possible criminal activity in the jail. It must be presumed that once the deputy had satisfied himself as to the nature of the articles seized, he would have reported the incident to his superiors and the articles would have been sequestered for possible use in a future criminal prosecution of the jail inmates.

---

[3]Penal Code section 132 declares it a felony to knowingly offer in evidence false written evidence at "any trial, proceeding, inquiry or investigation whatever"; Penal Code section 133 protects a "witness or person about to be called as a witness"; Penal Code section 134 prohibits the preparation and production of a false writing "upon any trial, proceeding or inquiry whatever"; Penal Code section 136 protects the integrity of any person "who is or may become a witness"; Penal Code section 137 protects "any witness, or person about to be called as a witness"; and Penal Code section 138 is directed at "[e]very person who is a witness, or is about to be called as such...." Each of these statutes reflects the legislative purpose of protecting the integrity of evidence in pending formal proceedings.

Appellant, a prisoner in the county jail, obviously knew that possession of marijuana was unlawful and that he and his fellow inmates could be prosecuted for possessing the marijuana. Thus, when appellant grabbed the contraband from Officer Ray and flushed it down the toilet, he intentionally destroyed the contraband to prevent it from being "produced in evidence" at a "trial, inquiry or investigation...." The contemplated statutory inquiry and investigation had commenced when Deputy Ray seized the evidence.

Although we have been cited to no case directly holding that Penal Code section 135 applies to evidence seized in the course of a police investigation, there is dicta in cases which demonstrate that the courts have assumed that such evidence comes within the statute. In *People* v. *Superior Court (Reilly), supra,* 53 Cal.App.3d 40, the court accepts without question that evidence seized during a police investigation which culminated in the arrest of a defendant came within the purview of section 135. The court stated: "It must also be borne in mind that it is a criminal offense to destroy or conceal evidence. [Citations.] Here, unlike *People* v. *Edgar, supra,* there was an attempt to conceal the evidence witnessed by the officers. It would be incongruous to prohibit the officers from seizing evidence of the misdemeanor which was committed in their presence, while at the same time upholding their right to arrest the perpetrator." (*Id.,* at p. 49.)

As previously mentioned, there is dicta in *People* v. *Mijares, supra,* 6 Cal.3d 415, 422, that certain actions relating to abandonment of narcotics may also fall within the proscription of Penal Code section 135 even though no formal legal proceedings are pending at the time the narcotics were thrown away.[4]

Penal Code section 135, enacted in 1872, was based on the Field Draft of the New York penal code. In *People* v. *Traynham* (1978) 95 Misc.2d

---

[4]We question the applicability of Penal Code section 135 to the *Mijares* fact situation since it would appear that the defendant's act of disposing of the drugs occurred prior to the commencement of any police investigation. Nor can it be said the police investigation was "about" to commence when Mijares disposed of the drugs.

Other cases which cite Penal Code section 135 are not germane to the question of whether a formal proceeding must be pending at the time the evidence is destroyed or concealed. In *People* v. *Edgar* (1963) 60 Cal.2d 171 [32 Cal.Rptr. 41, 383 P.2d 449], the defendant had been charged with extortion and the photographs in question were sought for trial (see also *People* v. *Santos, supra,* 26 Cal.App.3d 397 (defendant charged with murder—weapon sought for trial); *People* v. *Lee, supra,* 3 Cal.App.3d 514 (defendant charged with attempted murder—shoes worn by defendant during commission of crime sought)).

145 [407 N.Y.S.2d 408], the criminal court of the City of New York contrasted the 1965 New York statute (Pen. Law, § 215.40) which prohibits the suppression of evidence about to be produced in an official proceeding with its predecessor—section 812 of the New York Penal Law—which provided: "A person who, knowing that a book, paper, record, instrument in writing or other matter or thing, is or may be required in evidence,...upon any trial, hearing, inquiry, *investigation, or other proceeding*, authorized by law, willfully destroys the same, with intent thereby to prevent the same from being produced is guilty of a misdemeanor." (Italics added.) The court observed that a police surveillance or arrest would have fallen within the old definition of an "investigation, or other proceeding, authorized by law" so that a defendant who swallows drugs to prevent their seizure by the police would have been guilty of destroying items about to be produced into evidence. Although the *Traynham* court's comments concerning the prior New York statute are dictum, it does show the court's view of the meaning of a statute similar to our California statute.

We conclude that appellant's conduct in flushing the contents of the shoebox lid down the toilet constituted the destruction of evidence in violation of Penal Code section 135.

Appellant's other contentions of error have been considered and are rejected.

The judgment is affirmed.

Hopper, J., and Zenovich, J., concurred.