[No. A024804. First Dist., Div. Two. Jan. 22, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
FRANK M., Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, Gloria DeHart and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Appellant.

John T. Philipsborn and Garry, Dreyfus & McTernan for Defendant and Respondent.

## OPINION

**ROUSE, J.**—The California Attorney General appeals from an order denying his motion to vacate a prior order directing that all records resulting from the arrest of defendant be sealed and ultimately destroyed.

■ The pertinent facts are that defendant was arrested on July 2, 1982, and was thereafter charged with a misdemeanor offense (or offenses) which had resulted in injury to another person. Defendant later moved that the criminal prosecution against him be compromised and dismissed pursuant to sections 1377 and 1378 of the Penal Code.[1]

Those statutes provide that if a person who is injured by an act constituting a misdemeanor has a remedy by civil action, that person may appear in the court in which the criminal prosecution is pending and acknowledge that he has received satisfaction for his injury. In the event that he does so, the

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

court in the criminal action may exercise its discretion by ordering that the criminal proceedings be suspended and the defendant discharged therefrom. (§ 1378.) In this instance, the trial court in the criminal action determined that defendant was entitled to the relief requested and therefore ordered the criminal action compromised and dismissed.

Defendant then moved that, pursuant to section 851.8, subdivision (d), the records pertaining to his arrest be sealed for three years and then destroyed. The district attorney concurred in this motion and the trial court determined that there was good cause for the granting of such relief. Therefore, by order filed on May 31, 1983, the court granted the relief requested.

On October 7, 1983, over four months later, the Attorney General moved in the trial court for an order vacating the sealing order, asserting that the court had exceeded its jurisdiction in granting such relief. Defendant filed opposition to this motion, and the trial court denied the motion by order of October 18, 1983. The Attorney General filed a timely notice of appeal.

The Attorney General contends that section 851.8, subdivision (d), empowers a trial court in a criminal action to order the sealing and destruction of records pertaining to a defendant's arrest "*only* where there has been an acquittal *and* a determination of factual innocence by the trial court" and that the granting of such relief is beyond the court's jurisdiction where, as here, the criminal prosecution was compromised and dismissed pursuant to sections 1377 and 1378.

In order to properly evaluate such argument, it is necessary to briefly summarize the pertinent provisions of section 851.8 as that statute read both before and after its repeal and reenactment in 1980.

As originally enacted in 1975, section 851.8 was far from complex. It authorized the sealing of records pertaining to a criminal charge only when "a person is acquitted of a charge and it appears to the judge presiding at the trial wherein such acquittal occurred that the defendant was factually innocent of the charge . . . ." (Stats. 1975, ch. 904, § 1, p. 2002.) If this version of the statute was currently in effect, the Attorney General would be correct in contending that an order directing the sealing and destruction of records pertaining to a defendant's arrest would be authorized only if the defendant had been acquitted of the criminal charges and the trial court had found him to be factually innocent of such charges.

However, when it was repealed and reenacted in 1980, section 851.8 underwent a dramatic metamorphosis, with the result that the 1980 version of the statute, which is still in effect and is controlling here, no longer

furnishes support for the Attorney General's argument. As reenacted in 1980 (Stats. 1980, ch. 1172, § 1, p. 3939), that section is far more complex than its predecessor and consists of 15 subdivisions, (a) through (o). Of pertinence here are subdivisions (a), (b), (c), (d) and (e).

Subdivision (a) provides, in pertinent part, that where a person has been arrested but no accusatory pleading has been filed, he may petition the law enforcement agency having jurisdiction over the offense to destroy its records of his arrest. If that agency determines that the person arrested is factually innocent, it shall, with the concurrence of the district attorney, seal its arrest records for three years and then destroy them.

Subdivision (b) deals with the situation where the law enforcement agency having jurisdiction over the offense and the district attorney deny a petition for relief under subdivision (a). In such an instance, the petitioner may then seek relief in the municipal or justice court. In the event that the court finds the petitioner to be factually innocent, the court shall order the arrest records sealed for three years and then destroyed.

Subdivision (c) deals with the situation where a person is arrested and an accusatory pleading is filed, but no conviction is obtained and the criminal action is dismissed. In that instance, the defendant may petition the court which dismissed the criminal action for a finding that he is factually innocent of the charges. If the court makes such a finding, it must then grant the defendant the relief provided in subdivision (b).

Subdivision (d) provides as follows: "In any case where a person has been arrested and an accusatory pleading has been filed, but where no conviction has occurred, the court may, with the concurrence of the district attorney, grant the relief provided in subdivision (b) at the time of the dismissal of the accusatory pleading."

Subdivision (e) provides that whenever a defendant is acquitted of a charge and it appears to the judge presiding at the criminal trial that the defendant is factually innocent of the charge, the judge may grant the relief provided in subdivision (b).

The facts of this case fall precisely within the purview of subdivision (d): the criminal action against defendant was compromised and dismissed, pursuant to sections 1377 and 1378, and the court, with the concurrence of the district attorney, then ordered defendant's arrest records sealed and destroyed in accordance with subdivision (b).

The Attorney General's contention that subdivision (d) requires both an acquittal and a finding of factual innocence can only be viewed as a request

that this court rewrite that subdivision. While subdivisions (a), (b), (c) and (e) require a finding of factual innocence, and subdivision (e) also requires an acquittal, subdivision (d) contains no such requirement. That subdivision requires only that the court and the district attorney both agree to the sealing and destruction of arrest records pertaining to charges which have not resulted in a conviction and which have been dismissed. Precisely these events transpired here.

The Attorney General relies upon two cases, *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 871-872 [132 Cal.Rptr. 464, 553 P.2d 624], and *People* v. *Glimps* (1979) 92 Cal.App.3d 315, 321 [155 Cal.Rptr. 230], in support of his restrictive interpretation of subdivision (d) of section 851.8. However, both cases were decided at a time when subdivision (d) had yet to be enacted. As it then read, section 851.8 *did* require both an acquittal and a determination of the defendant's factual innocence. (See our earlier discussion, *ante,* at pp. 942-943.)

The Attorney General claims, also, that the legislative history surrounding the enactment of the 1980 version of section 851.8 demonstrates that the Legislature did not intend to eliminate "the requirement of a finding that the defendant was factually innocent." He points out that the 1980 version of that section is based upon Assembly No. Bill 2861, 1979-1980 Regular Session, and that the Legislative Counsel's Digest of that bill described it as a bill providing a procedure for the sealing and destruction of the arrest records of a person who is "factually innocent."

In response, we note, initially, that the Legislative Counsel appears to have provided a cursory analysis of a proposed statute containing 15 different subdivisions, several of which do require a finding of factual innocence. In this instance, however, it is both unnecessary and inappropriate to look to the Legislative Counsel's comments for guidance in our analysis of subdivision (d) of section 851.8. A court should not look beyond the plain meaning of a statute when its language is clear and unambiguous and there is no need to resolve uncertainties through interpretation. (*Teachers Management & Inv. Corp.* v. *City of Santa Cruz* (1976) 64 Cal.App.3d 438, 446 [134 Cal.Rptr. 523].) Subdivision (d) of section 851.8 is devoid of ambiguity, and its meaning is clear.

In a final attempt to justify his interpretation of subdivision (d) of section 851.8, the Attorney General points out that subdivision (i) of that statute provides that "Any finding that an arrestee is factually innocent pursuant to subdivision (a), (b), (c), (d), or (e) shall not be admissible as evidence in any action." He argues that this reference to subdivision (d) shows that a finding of factual innocence is required under subdivision (d)

just as it is under all of the other subdivisions which are enumerated in subdivision (i).

We are not persuaded. ■ It is true that all parts of a statute must be construed together and harmonized if it is possible to do so without doing violence to the language or spirit of the statute. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217]; *People* v. *Fields* (1980) 105 Cal.App.3d 341, 343-344 [164 Cal.Rptr. 336].) ■ However, in this instance, if we were to "harmonize" subdivisions (d) and (i) in the manner suggested by the Attorney General, we would be rewriting subdivision (d) so as to include a requirement which the Legislature clearly chose not to impose, namely, that the court must determine a defendant's factual innocence even in a situation where, as here, the court and the district attorney both agree that the defendant's arrest records should be sealed and destroyed. In our opinion, such a construction would do violence to the language and spirit of subdivision (d). A simpler and more reasonable way of harmonizing the two subdivisions is to assume that the reference in subdivision (i) to a finding of factual innocence under subdivision (d) arose from the Legislature's awareness that a trial court *might* make such a finding before accepting the district attorney's recommendation that a defendant's arrest records be sealed and destroyed, even though the court was not required to make any such finding.

We conclude that defendant's arrest records were properly ordered sealed and destroyed under subdivision (d) of section 851.8.

The order is affirmed.

Kline, P. J., and Smith, J., concurred.