**SEBASTIAN INTERNATIONAL, INC., Plaintiff,**

v.

**Vincenzo RUSSOLILLO, an individual, et al., Defendants,**

**No. CV–00–03476–CM(JWJx).**

United States District Court, C.D. California.

July 3, 2001.

William C. Conkle, John A. Conkle, Eric S. Engel, Scott A. Hampton, Conkle & Olesten, Santa Monica, CA, Thomas J. Nolan, Joanne E. Caruso, Michael Turrill, Howery Simon Arnold & White, Los Angeles, CA, for Sebastian International Inc.

Norman H. Levine, Suann Macissac, Greenberg Glusker Fields Claman Machtinger & Kinsella, Los Angeles, CA, for Roger LAdd, Damian Christopher Inc.

J. Larson Jaenicke, Robert W. Hodges, Melodie Larsen, Rintala Smoot Janicke & Rees, Los Angeles, CA, for Quality King Distributors Inc., Med-X Corporation, Rite Aid Corporation, CVS Corp.

Jeffrey A. LeVee, Amy A. Stathos, Eric Patrick Enson, Jones Day Reavis & Pogue, Irvine, CA, for TSA Distributing Inc., Ken Teepe.

Eric Shih, Mark R. Bateman, Charles S. Barquist, Morrison & Foerster, Los Angeles, CA, for Phar-Mor Inc.

Steven M. Perry, Devon A. Gold, Munger Tolles & Olson, Los Angeles, CA, for Randalls Food Markets Inc.

Luis A. Carrillo, Luis A Carrillo Law Offices, Montebello, CA, Steven H. Hibbe, Miami, FL, for Trapeza Overseas Inc., Jose I. Arguelles.

Richard G. Simon, Richard G. Simon Law Offices, San Bernadino, CA, for Farshid Ben-Cohen.

Dennis G. Martin, Willmore F. Holbrow, III, Blakely Sokoloff Taylor & Zafman, Los Angeles, CA, Johon Emmett, John Emmett Law Offices, Dallas, TX, for Nortex Drug Distributors Inc.

Edmund J. Towle, III, Michael C. Denison, Towle Denison Smith & Tavera, Los Angeles, CA, for Tosvar Aerosol S.A.S. Paolo Gioia.

C-Zors Beauty, Santa Monica, CA, pro se.

Rickey G. Ivie, Ivie McNeil & Wyatt, Los Angeles, CA, for Cristina's Hair Design.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY ADJUDICATION

MORENO, District Judge.

Presently before the Court are three motions for summary adjudication brought

by Plaintiff Sebastian International, Defendant Damian Christopher Inc., ("DCI") and Defendant Quality King ("QK"). Having reviewed the papers, the evidence submitted in support thereto, and having heard oral argument on Monday June 25, 2001, the Court hereby *grants* Plaintiff's Motion and *denies* Defendants' Motions for the following reasons.[1]

## I.

### Factual and Procedural Background

On May 21, the parties filed their Motions for Summary Adjudication. There are very few applicable facts. Sebastian brand products include hairsprays, shampoos, conditioners, colorings, gels, mousse, and other hair treatments. Different codes are imprinted on Sebastian products, which are the lot or batch codes, date codes, holograms, and tracking codes. *See* Reidel Decl. at ¶ 23. The batch codes identify the product's manufacturer, the year and the month that the product was made, and the batch from which the container was filled. *See* Stoops Depo. Date codes indicate when the product was filled. *Id.*

Sebastian prefers to market its products through salons that agree to re-sell them only to consumers for their personal use. *See* Reidel Decl. at ¶¶ 6–7. To ensure Sebastian's products remain within this chain of commerce, the hologram codes are used to track products and prevent their diversion. *Id.* at ¶¶ 23–24. Sebastian has found its products for sale in grocery stores and drug stores in Southern California, with the hologram labels removed.

## II.

### Applicable Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A court may grant summary adjudication on specific issues without granting summary judgment as to the entire cause of action so as to narrow the issues for trial. *First Nat'l. Ins. Co. v. Federal Deposit Ins. Corp.*, 977 F.Supp. 1051, 1055 (S.D.Cal.1997).

## III.

### Discussion

The question presented is a narrow one. Sebastian asks the Court to rule that California Penal Code § 537e applies to Sebastian's Ninth and Tenth causes of Action for Statutory Unfair Competition and common law unfair competition. More particularly, it urges the Court to find that removing holographic codes from Sebastian products is a violation of § 537e. Defendants' motions urge exactly the opposite, namely, that removing codes from Sebastian products is not a violation of the statute. Last August, the Court ruled on Defendants' Motion to Dismiss finding that § 537e makes diverting goods a crime. However, the parties did not debate the scope and purpose of § 537e, as they do here, thus the Court finds that its previous

---

1. Sebastian is hereby sanctioned in the amount of $200, to be paid to the Court by July 20, 2001, for failing to file any of its papers in Courier 12 point font as required by the Court's pre-trial Order. The Court recognizes that a consolidated Opposition tends to be lengthy, however *ex parte* applications requesting page limit extensions are frequently granted. In any event, Sebastian's other filings were not in Courier 12 point. In the Court's November 27, 2000, Order dismissing the equitable servitudes claim, Greenberg Glusker was informed that it should henceforth use Courier 12 point font. This notice, of course, applied to all the parties to this action. Henceforth, papers not filed in the correct format shall be returned.

Order does not dictate how it must rule here.

 In the absence of controlling state precedent, the Court must interpret and apply § 537e as the California Supreme Court would interpret and apply it. *See Elliott v. City of Union City,* 25 F.3d 800, 802, n. 3 (9th Cir.1994). In addition, it is worth noting that in California "there is no rule of strict construction of penal statutes. Such statutes are to be construed '. . . according to the fair import of their terms, with a view to effect [their] objects and to promote justice.'" *People v. Fields,* 105 Cal.App.3d 341, 343, 164 Cal.Rptr. 336 (1980) (citing Cal.Penal Code § 4).[2] The California Supreme Court instructs that "[t]he fundamental principle of statutory interpretation is 'the ascertainment of legislative intent' so that the purpose of the law may be effectuated." *Pollack v. Dep't of Motor Vehicles,* 38 Cal.3d 367, 372, 211 Cal.Rptr. 748, 696 P.2d 141 (1985) (citation omitted). This principle of interpretation requires courts "to determine the objective of the Legislature and to interpret the law so as to give effect to that objective even when such an interpretation appears to be at odds with conventional usage or the literal construction of the statutory language." *Id.*

Turning to the statutory language, § 537e proscribes knowingly possessing "any personal property" from which a serial or identification number or mark has been removed. The statute further states that "For purposes of this subdivision, 'personal property' includes, but is not limited to, the following:

(1) Any television, radio, recorder, phonograph, telephone, piano, or any other musical instrument or sound equipment.

(2) Any washing machine, sewing machine, vacuum cleaner, or other household appliance or furnishings.

(3) Any typewriter, adding machine, dictaphone, or any other office equipment or furnishings.

(4) Any computer, printed circuit, integrated chip or panel, or other part of a computer.

(5) Any tool or similar device, including any technical or scientific equipment.

(6) Any bicycle, exercise equipment, or any other entertainment or recreational equipment.

(7) Any electrical or mechanical equipment, contrivance, material, or piece of apparatus or equipment.

(8) Any clock, watch, watch case, or watch movement.

(9) Any vehicle or vessel, or any component part thereof." Prior to 1990, the statute covered specifically identified goods[3], none of which was hair care or cosmetic products. In 1997, Section 537e was again amended, at which time the Legislature made the removal of "identification number[s]" and "electronic serial

---

**2.** Because neither DCI nor QK is a criminal defendant, the rule of statutory construction applicable to criminal defendants (*see People v. Valencia,* 82 Cal.App.4th 139, 145, 98 Cal. Rptr.2d 37 (2000)) does not apply.

**3.** Prior to 1990, § 537e read as follows: "Any person who knowingly buys, sells, receives, disposes of, conceals, or has in his possession a radio, piano, phonograph, sewing machine, washing machine, typewriter, adding machine, comptometer, bicycle, a safe or vacuum cleaner, dictaphone, watch, watch movement, watch case, or any mechanical or electrical device, appliance, contrivance, material piece of apparatus or equipment, or any integrated chip or panel, printed circuit, or any other part of a computer, from which the manufacturer's nameplate, serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed, is guilty of a misdemeanor." Historical and Statutory Notes, foll. Cal.Penal Code § 537e at 713.

number[s]" from "personal property" a crime.

The parties' debate over the scope of § 537e involves both the statute's language as well as its legislative history. Even though the legislative history does not definitively support either side, the Court finds that the legislative history weighs slightly in Sebastian's favor.

## A. Legislative History[4]

The California Assembly approved the amendment to § 537e on May 21, 1990, and the California Senate followed suit on July 7, 1990. Sebastian quotes from a Senate Report completed a few days before the Senate approved the bill which seems to definitively answer the question before the Court. The Report states that the amendment

> would recast those provisions so that the scope of the crime applies equally to all personal property, with the listed items being merely illustrative of what kinds of items are covered. This revision will eliminate the potential for loopholes in the law, and will provide a more consistent application of the prohibition.

*See* Sebastian's 2nd RFJN at Ex. 9. Similarly, an Assembly Report and the Concurrence in Senate Amendments provide that the items specified in the bill are for illustration "rather than limitation of the scope of the prohibition." *Id.* at Exs. 9 & 10. Although these excerpts indicate § 537e covers all personal property, there are statements to the contrary elsewhere in the record.

For example, QK quotes another part of the Senate Report, which states the bill "defines 'personal property as' [and lists specific examples]." QK also quotes excerpts from bill reports sent to the governor as he considered whether to sign the

1990 bill into law. The quoted statements are:

- "This bill would revise existing law by expanding the *number of specified items covered.*"
- "This bill would amend [§ 537e] to make the knowing, buying, selling, receiving, disposing of, or possession of any personal property item, *as specified,* from which the manufacturer's serial number ... a misdemeanor ..."
- "This bill would enhance penalties for possession or sale of *various items,* including vehicles, bearing altered or defaced serial numbers."

*See* QK's RFJN at Ex. A pgs 15–16, 13–14, & 12 respectively (emphasis added). These excerpts obviously conflict with the Senate Report quoted above. Yet they also seem to conflict with the language of the statute because they suggest that only the items *listed* are within the statute's scope (e.g. "of various items" or "as specified"); however, the statute includes more than just the listed items ("includes, but is not limited to").

QK also relies on the Legislative Counsel's Digest of the 1990 Amendment. "The Legislative Counsel is a state official required by law to analyze pending legislation to assist the Legislature in considering that legislation." *California Teachers Ass'n v. Governing Bd. of Rialto Unified School Dist.,* 14 Cal.4th 627, 661, 59 Cal. Rptr.2d 671, 927 P.2d 1175 (1997). Moreover, California courts "presume that the Legislature acted 'with the intent and meaning expressed in the Legislative Counsel's digest.'" *People v. Henson,* 57 Cal.App.4th 1380, 1386, 67 Cal.Rptr.2d 734 (1997). In terms of assessing the legislative intent, the California Supreme Court has recognized that opinions of the Legis-

---

**4.** The parties' requests to take judicial notice of § 537e's legislative history are hereby granted.

lative Counsel are entitled to "great weight" as "they are prepared to assist the Legislature in its consideration of pending legislation." *California Ass'n of Psychology Providers*, 51 Cal.3d 1, 17, 270 Cal. Rptr. 796, 793 P.2d 2 (1990).

QK relies on the following excerpt from the Digest:

> This bill would expand the list of items [ ] protected, and would provide that any person who knowingly buys, sells, receives, disposes of, conceals, or possesses *any of the listed items* of a specified value from which the serial number or other distinguishing number or identification mark has been removed, defaced, covered, altered, or destroyed is guilty of a public offense.

QK's RFJN at Ex. A (emphasis added). This excerpt does not support QK's position, because either it means only listed items are covered, which is inconsistent with the language of the statute, or, both listed and non-listed items are covered by the statute.[5] The Court finds that the legislative history does not definitively support either sides' position. However, because the excerpts QK relies on conflict with the statute's language, the legislative history weighs slightly in Sebastian's favor.

## B. Statutory Language

Sebastian argues that § 537e's language is clear. Sebastian focuses on the fact that the statute covers "any personal property" and, because personal property includes all property that is not real property, Sebastian concludes that § 537e covers its prod-

ucts. In reaching this decision, Sebastian focuses on the statute's inclusive language, viz., "any personal property" and "includes, but is not limited to." Sebastian argues that these terms are words of enlargement[6], therefore the statute's list of examples is merely illustrative and does not narrow the meaning of "personal property." Sebastian concludes that "Section 537e is clear on its face and prohibits **any** dealings in **any** personal property whose identifying numbers or marks are removed." *See* Motion at p. 11.

However, Sebastian's interpretation glosses over the following language in the statute which seems to limits its scope: "For purposes of the subdivision, 'personal property' includes ..." This language, DCI argues, establishes a narrower definition of "personal property." In other words, personal property as it is used in § 537e, means something different from its normal meaning. *See* DCI Motion at p. 9. But the next question is what is "included" within "personal property"? DCI argues that "personal property" is defined by the types of property listed in the statute, for example, "musical instrument or sound recording" or "household appliance or furnishings." The specific examples listed in the statute, in other words, define the potential universe of items included as "personal property." DCI insists this interpretation is the correct one, because otherwise there would have been no reason for the Legislature to amend the statute and replace the prior list of items with a new detailed 121–word–long list of examples. *See* DCI Motion at p. 10.[7]

---

**5.** At oral argument, DCI's counsel acknowledged that the list was inclusive, and tailored his argument instead to what exactly the list was inclusive of. In addition, Defendants have not cited to anything in the record which supports interpreting § 537e according to the *ejusdem generis* doctrine.

**6.** In *People v. Horner*, 9 Cal.App.3d 23, 87 Cal.Rptr. 917 (1970) and *Koenig v. Johnson*,

71 Cal.App.2d 739, 163 P.2d 746 (1945) the courts concluded that words "including" and "include" are words of enlargement and not of limitation. Although these cases have factual differences, the above-reasoning still applies.

**7.** It is important to note that the "includes, but is not limited to," language means that

This method of statutory interpretation is known as *ejusdem generis*, which means "particular expressions qualify those which are general" (*see People v. Fields*, 105 Cal.App.3d 341, 344, 164 Cal.Rptr. 336 (1980)), and has been employed by the California Supreme Court recently in *Kraus v. Trinity Management Services, Inc.*, 23 Cal.4th 116, 141, 96 Cal.Rptr.2d 485, 999 P.2d 718 (2000). The list of examples in § 537e breaks down into nine different categories, and from them DCI extrapolates the following taxonomy: "durable, expensive, non-perishable, contain[s] permanent and difficult to remove identification numbers, and are susceptible to being stolen or embezzled." *See* DCI Motion at p. 13–14. Sebastian products, DCI contends, are none of these, and therefore are not "personal property" as defined by § 537e.[8]

As indicated above, DCI finds support in *Kraus* to apply the *ejusdem generis* doctrine. There, the California Supreme Court considered whether a nonrefundable security and administrative fee was a "security" as defined by Civil Code § 1950.5. That statute defined "security" as "any payment, fee, deposit, or charge, including, but not limited to, any of the following: [examples]." The Court wrote that the *ejusdem generis* doctrine "presumes that if the Legislature intends a general word to be used in its unrestricted sense, it does not also offer as examples peculiar things or classes of things since those descriptions then would be surplusage." *Id.* at 141. The Court then noted that all of the

examples in § 1950.5 "are charges intended to secure the landlord against future tenant defaults," thus a nonrefundable administrative fee was not "security." *Id.* Unlike these examples, those in § 537e, do not share common traits from which a court could abstract a defined class of items.

DCI fails in its attempt to derive common traits from the list of examples. The commonalities DCI identifies are demonstrably under-inclusive, and could not realistically or logically guide courts in deciding what kinds of products should be protected. For instance, DCI argues that only "expensive" products are protected. But that is under-inclusive, because § 537a expressly provides for increased penalties for affected property valued over $ 400. DCI also argues the statute is limited to property likely to be stolen, yet subsection (b) makes affected property subject to the law controlling stolen property when it enters the custody of a peace officer. If § 537e property were commonly stolen, there would be no reason for the Legislature to automatically construe it as stolen.[9] DCI also maintains that labels on "personal property" must be difficult to remove. While musical instruments, tools, or furniture (all covered by § 537e) may have identifying labels, the Court doubts they are difficult to remove. And, even if this were a criterion, there is evidence that Sebastian labels *are* hard to remove. *See* Engel Decl. at ¶ 11 & Exs. 155, 175–78. DCI also argues that the products' labels must be permanent, however, this

---

"personal property" includes more than just the items that fall within the list of examples.

**8.** DCI argues that if all personal property were included within § 537's proscription, innumerable innocent violations would result, thus the Legislature must have meant something narrower than all personal property. This argument is not persuasive. As the California Court of Appeal noted in *People v.*

*Superior Court (Shayan)*, 21 Cal.App.4th 621, 627, 26 Cal.Rptr.2d 173 (1993), the problem of innocent violations is handled through prosecutorial discretion.

**9.** Even if there were a restriction on "personal property" based on likelihood of being stolen, Sebastian has presented evidence of past theft of its products.

further impugns DCI's taxonomy, as a label cannot be both permanent and difficult to remove.

DCI also argues that the statute only covers products that are durable and non-perishable, and not consumables like shampoos and hairsprays. Among the traits DCI lists, durability is the most tenable, but nevertheless unworkable. For one, some disposable items are protected property, such as disposable phones, automobile tires ("vehicle . . . component"), golf/tennis/racquet balls ("recreational . . . equipment"). There are also disposable products such as pre-paid phone cards, which although not within the examples, are extremely likely to be protected. Moreover, reading § 537e as limited to durable goods is extremely unlikely. According to DCI, rather than explicitly stating § 537e is limited to durable goods, the Legislature listed detailed examples from which courts must assume or extrapolate that because all of the examples are durable (but see tires and balls), so must all other § 537e property.[10] In light of how precarious it is to extrapolate even durability, DCI's interpretation of § 537e is unlikely.

In sum, DCI's contention that the list of examples defines "personal property" is inadequate. Reading the statute as DCI suggests, would lead to arbitrary and haphazard results. The Court acknowledges that the detailed list and the "for purposes of this subdivision" suggest a narrower reach than all personal property. However, the Court concludes that the Legislature intended that *all* personal property means *all* personal property, and the detailed list of examples is simply that. The Legislature never intended that courts abstract from the list of examples, create a taxonomy, and apply it to the nearly infinite items of personal property. Sebastian's Motion must be granted, and Defendants' denied.[11]

## IV.

### *Conclusion*

For all the above reasons, the Court *grants* Sebastian's Motion and *denies* QK and DCI's Motions.

IT IS SO ORDERED.

---

**10.** DCI might respond that this is exactly what courts do when following the *ejusdem generis* doctrine. But *Kraus* demonstrates otherwise. There, the Court applied *ejusdem generis* in conjunction with considering other parts of the statute. *Kraus* stressed that other subsections of the statute "confirm" the Legislature's intention that security is solely a charge imposed to secure the landlord against future tenant defaults. Here, there is *nothing* in § 537e or in the legislative history to inform courts that they must look at these examples and conclude "personal property" is limited to durable goods.

**11.** At oral argument the Court expressed the view that even if Defendants' conduct did not fall within § 537e, it *might* still violate California Business & Professions Code § 17200 *et seq.* *See Olszewski v. ScrippsHealth,* 88 Cal.App.4th 1268, 107 Cal.Rptr.2d 187 (2001) (observing that an act may be unfair competition even though the Legislature did not specifically proscribe that act in some other provision). However, the Court has not decided this issue here.