IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44185

| | | |
|---|---|---|
| JOHN JOSEPH MARR, | ) | 2017 Unpublished Opinion No. 464 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: May 18, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge.

Order granting petition for post-conviction, <u>reversed</u> and <u>case remanded</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for respondent. Craig Durham argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth Jorgensen argued.

_____

HUSKEY, Judge

The State appeals from the district court's order granting John Joseph Marr's petition for post-conviction relief. The State argues the district court erred in determining Marr's trial counsel was ineffective for failing to discover and present character evidence of the victim, Marr's wife. In its supplemental brief, the State asserts the district court erred in finding Marr's trial counsel was ineffective for not cross-examining the wife regarding her alcohol consumption on the day of trial. Marr argues the district court correctly found trial counsel was ineffective for failing to present admissible character evidence. Marr further contends the State, in its opening brief, overlooked the district court's alternative holding that trial counsel was ineffective for failing to elicit testimony from the wife during cross-examination as to her alcohol consumption on the day of trial. We reverse the district court's judgment granting Marr's petition for post-conviction relief and remand the case to the district court for further proceedings consistent with this opinion.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, a dispute between Marr and his wife led to a physical altercation. Following the altercation, Marr called the police. Marr was charged with felony attempted strangulation, Idaho Code Section 18-923, and felony domestic battery, I.C. §§ 18-918(2), -903. Marr pleaded not guilty to both charges and proceeded to trial. There were no witnesses to the altercation other than Marr and his wife. Both Marr and his wife testified at trial as to their respective version of the incident. The wife testified she was a regular drinker, consumed an average of six beers per day, and on the night of the incident she consumed alcohol between 5:00 p.m. and 11:00 p.m. The wife's testimony of the incident was as follows: That evening, before watching a movie, she and Marr had an argument. After the movie, Marr would not allow her to call her daughter or leave the apartment. As his wife stood by the kitchen sink, Marr came up behind her and choked her with his arms. Marr threatened to, but did not punch his wife. Marr's wife estimated the choking caused her to pass out two to three times. She bit Marr's arm, and Marr released her and called the police.

Marr testified at trial and claimed self-defense. Marr testified he said something that made his wife angry after which she came over to Marr, who was sitting on a mattress on the floor, and she punched Marr in the face. Marr and his wife fell onto the bed, and as Marr restrained his wife, she bit his arm. Marr's wife then went to the bathroom and hurt herself. Marr carried his wife out of the bathroom, set her in a chair in the living room, and called the police.

A jury returned a verdict of not guilty of attempted strangulation, but found Marr guilty of domestic battery with a traumatic injury. The district court sentenced Marr to a unified term of ten years, with eight years determinate. Marr appealed, arguing his sentence was excessive and he received ineffective assistance of counsel. In an unpublished opinion, this Court upheld Marr's sentence and did not address Marr's ineffective assistance of counsel claim, leaving it for a petition for post-conviction relief. *State v. Marr*, Docket No. 39918 (Ct. App. December 9, 2013).

Marr filed a petition for post-conviction relief, claiming ineffective assistance of counsel at trial and ineffective assistance of counsel at sentencing. Marr claimed his trial counsel was ineffective for failing to conduct an investigation into his wife's "long-term history of habitual

intoxication, aggression, and character trait for violence." Further, Marr claimed trial counsel was ineffective in failing to prepare for trial and present an adequate defense by not discovering and presenting evidence of his wife's alcoholism and/or cross-examining his wife as to whether she was under the influence of alcohol while testifying at trial. Marr asserted trial counsel was ineffective at sentencing because trial counsel did not advise him of his Fifth Amendment right, did not investigate mitigating evidence, and failed to advocate zealously on his behalf at the sentencing hearing.

The district court granted Marr an evidentiary hearing on his claims. At the hearing, Marr presented testimony from a trooper who had interacted with Marr's wife on multiple occasions in his professional capacity. Based on the troopers interactions with Marr's wife, the trooper testified the wife was belligerent, physically resistant, and difficult to interact with while intoxicated. He also testified the wife had a reputation in the community for being difficult to deal with while intoxicated.

Marr's trial counsel also testified at the evidentiary hearing. Trial counsel stated she did not conduct any investigation to determine whether there were witnesses who had an opinion on the wife's character trait for belligerence and aggressiveness when intoxicated, or could speak to the wife's reputation in the community for drinking to excess and becoming belligerent and aggressive. Trial counsel testified she did not make a tactical decision to exclude the evidence of the wife's character trait because she did not know about the evidence, would have pursued the evidence if she had known about it, and believed she should have had the evidence.

Following the evidentiary hearing, the district court found Marr's trial counsel did not provide ineffective assistance of counsel at sentencing. However, the district court found Marr's trial counsel provided ineffective assistance of counsel on the other allegations. First, the district court found trial counsel provided ineffective assistance by failing to conduct an investigation into the wife's character and reputation for aggression while intoxicated and by failing to call the trooper to testify about the wife's character while intoxicated. The district court determined the trooper's opinion and reputation testimony, that the wife was a belligerent drunk who became physically resistant and difficult to deal with while intoxicated, would have been admissible at Marr's trial. As the trooper's testimony would have supported Marr's self-defense claim, the district court found any reasonable attorney would have discovered and presented this evidence. The district court concluded that because the jury seemingly viewed the wife's testimony with

3

skepticism (as it acquitted Marr of attempted strangulation), it is likely the outcome of the trial would have been different had Marr's trial counsel presented the trooper's testimony. Second, the district court found trial counsel provided ineffective assistance by failing to elicit an answer from the wife about her alcohol consumption prior to testifying at trial. The district court held it was not objectively reasonable for Marr's trial counsel to fail to elicit an answer and there was a reasonable probability that, but for this failure, the result of Marr's trial would have been different. As a result, the district court granted Marr relief on his claims by vacating Marr's judgment of conviction. The State timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision granting post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

### A. The District Court Erred in Finding Trial Counsel Rendered Ineffective Assistance of Counsel

The district court did not err in finding the trooper's testimony was admissible evidence. The district court, however, erred in finding trial counsel provided ineffective assistance of counsel because although trial counsel's wholesale failure to investigate the wife's character fell below an objective standard of reasonableness, the trial record contains no evidence which would link a reasonable investigation to the trooper.

4

**1. The character evidence regarding the wife's character while intoxicated is admissible evidence**

The State asserts the victim's character trait for being belligerent, physically resistant, and difficult with law enforcement is not relevant to prove that the wife was the initial aggressor. Further, the State argues the victim's reputation for being belligerent and difficult when intoxicated is not relevant. Marr contends the wife's character trait and reputation for being belligerent and difficult when intoxicated is relevant to support Marr's claim that the wife was the initial aggressor.

Generally, evidence of a person's character or a particular trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion. I.R.E. 404(a). Idaho Rule of Evidence 404(a)(2) provides an exception to this rule and allows evidence of a pertinent character trait of a crime victim when such evidence is offered by the accused. Thus, a defendant in a criminal prosecution may introduce evidence of a pertinent trait of the victim's character in order to raise an inference that the victim acted consistently with that trait on the occasion in question. *State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct. App. 1999).

Here, the trooper testified he had three interactions with the wife while he worked for the Bonner's Ferry Police Department between 2004 and 2011. The trooper testified when the wife was intoxicated she was difficult to interact with and was belligerent. When asked whether the wife was aggressive or physically resistant to the trooper's commands, the trooper stated he would say she was physically resistant, but not aggressive. Although the trooper denied the wife was aggressive, he later testified that based upon his knowledge and observations, his opinion was that the wife had a trait for becoming belligerent when intoxicated because when sober the wife was easy to deal with, but when intoxicated she became very belligerent. Further, the trooper agreed the wife had a reputation in the community for belligerence and aggressiveness when intoxicated.

Belligerent means "waging war," "carrying on war," "inclined to or exhibiting assertiveness, hostility, truculence, or combativeness," "indicates aggressive, truculent attitude." WEBSTER'S THIRD NEW INT'L DICT. *201 (3d ed. 1993). Belligerence means "an attitude, atmosphere, or disposition distinguished by aggressiveness or truculence." *Id.* The trooper testified the wife was belligerent and had a reputation for belligerence when intoxicated. Evidence of this character trait and reputation is relevant to imply that the wife acted in

5

conformity with that character trait and reputation on this particular occasion. Marr claimed the wife was intoxicated at the time of the event and the initial aggressor. Given that claim, the trooper's testimony is relevant to Marr's claim of self-defense, making it more probable than it would be without the evidence. *See* I.R.E. 401. There was no dispute that Marr's wife was intoxicated and that she had a reputation for belligerence, which can be synonymous with aggressiveness. Thus, the district court correctly held the trooper's testimony that the wife was belligerent and difficult when intoxicated was admissible because it was relevant to support Marr's claim that his wife was the initial aggressor, and Marr acted in self-defense.

### 2. Trial counsel's failure to investigate the wife's character trait when intoxicated was deficient performance generally, but not as it relates to the trooper's testimony specifically

The State argues trial counsel's performance was not deficient because trial counsel's belief that investigation into the wife's criminal record was unlikely to produce helpful evidence was a reasonable limitation on the pretrial investigation. The State also asserts even if trial counsel's performance was deficient, Marr cannot show prejudice. Marr contends there was deficient performance because trial counsel did not conduct any investigation into the wife's character to show the wife was the initial aggressor. Had trial counsel done so, Marr argues trial counsel could have discovered the trooper's testimony and the results of the trial would have been different.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based

6

on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance is a question of law, but it is one premised upon the particular circumstances surrounding the attorney's investigation. *Gee v. State*, 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct. App. 1990). The duty to investigate requires only that counsel conduct a reasonable investigation. *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). In assessing the reasonableness of counsel's investigation, we consider not only the quantum of evidence known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further. *Wiggins v. Smith*, 539 U.S. 510, 527 (2003); *Murphy v. State*, 143 Idaho 143, 146, 139 P.3d 741, 748 (Ct. App. 2006).

Marr claims trial counsel rendered deficient performance by failing to conduct an investigation into the victim's character because had trial counsel done the investigation, counsel could have discovered the trooper. Marr alleges he suffered prejudice because had the trooper been investigated, the trooper could have testified at trial and bolstered Marr's claim of self-defense.

At the evidentiary hearing, Marr's trial counsel testified she was aware that the wife had a problem with alcohol and could become belligerent and aggressive. Trial counsel also testified she was aware of the wife's misdemeanors related to alcohol consumption. Further, the wife's account of the incident differed between the initial police report and the preliminary hearing. Despite this information, trial counsel conducted no investigation into the wife's criminal background, nor did trial counsel interview any witnesses regarding the wife's character or reputation for being belligerent while intoxicated.

Although the State argues otherwise, trial counsel's decision not to investigate was not a tactical decision to exclude evidence of the wife's character. Rather, trial counsel testified she just missed the issue. Trial counsel knew Marr claimed self-defense, knew the wife had misdemeanors related to alcohol, and knew the wife had a reputation for belligerence and aggression when intoxicated. This knowledge would have led a reasonable attorney to investigate the wife's character. At trial, Marr claimed the wife attacked him and that he acted in self-defense. The wife, however, told three different versions of the incident: one to the responding officer, a second at the preliminary hearing, and a third at trial. Along with the

7

wife's testimony, the State introduced photographs of the wife's injuries and testimony indicating the injuries were due to strangulation. Despite this evidence, the jury acquitted Marr of attempted strangulation, perhaps due to the inconsistencies in the wife's accounts of the incident.

At the evidentiary hearing, Marr also presented testimony from a trooper who interacted with Marr's wife in the trooper's professional capacity. The trooper testified the wife had a character trait when intoxicated for belligerence, physical resistance, and being difficult. She also had a reputation for belligerence and aggression when intoxicated. Marr argues that had his trial counsel interviewed the trooper and presented the trooper's testimony at trial, there was a reasonable probability this testimony would have bolstered Marr's claim that his wife was the first aggressor in the altercation and as such, there was a reasonable probability the result of the trial would have been different. By not investigating the wife's character, Marr's trial counsel failed to fulfill her duty to investigate her client's only defense: that Marr acted in self-defense.

However, even recognizing trial counsel had a duty to conduct an investigation, the district court erred in finding trial counsel rendered deficient performance for failing to specifically discover the trooper and call him as a witness because Marr did not provide any evidence that a reasonable investigation would have uncovered the trooper and his subsequent testimony. Marr's trial counsel testified she looked at the ISTARS entries for the wife to ascertain her criminal history. An affidavit by trial counsel indicated part of the criminal history on ISTARS included the trooper's name on some of the offenses, thereby establishing that trial counsel not only had access to the trooper's name but could have easily discovered the trooper. We recognize Marr's position--that even a cursory review of the ISTARS printout would have revealed the existence of the trooper and that trial counsel should have undertaken this most basic investigation on a key element at trial. Unfortunately, the affidavit was not offered or admitted at trial and, therefore, is not part of the record on appeal. While it appears all the parties were aware of the document and it was presented to trial counsel at the hearing, it was not offered into evidence. Consequently, no testimony or exhibits admitted at the evidentiary hearing explain how Marr's trial counsel would have or should have found the trooper had she conducted a reasonable investigation.

Marr needed to establish, by admissible evidence, two things: First, that Marr's trial counsel could have or should have discovered the trooper. Second, that the investigation leading

to the discovery of the trooper was the result of a reasonable investigation. Marr has established the first prong--that the trooper was located. As to the second part, there is no evidence in the record about how Marr located the trooper. Because there is no evidence linking trial counsel's deficient performance in investigating the victim's character with the trooper's testimony, we are constrained to conclude that trial counsel's specific failure to discover the trooper and present the trooper's testimony does not constitute deficient performance. Having failed to establish deficient performance, we need not address whether Marr suffered any prejudice.

As such, the district court erred in finding Marr's trial counsel provided ineffective assistance of counsel because Marr did not provide the necessary evidence linking trial counsel's failure to investigate with the resulting discovery of the trooper.

**B.** **The District Court Erred in Finding Marr Was Prejudiced By Trial Counsel's Failure to Cross-Examine the Wife Regarding Her Alcohol Consumption on the Day of Trial**

In a supplemental brief, the State argues that the district court erred in finding trial counsel was ineffective for not cross-examining the wife regarding her alcohol consumption on the day of trial. The State does not address whether failure to elicit an answer from the wife was deficient performance. Rather, the State contends the district court erred in finding Marr was prejudiced by this failure. Marr asserts, regardless of whether the wife admitted to drinking, trial counsel was ineffective for failing to cross-examine the wife because "[t]his type of questioning would have implicitly looped back and reminded the jury of [the wife's] character trait for hostility and belligerence while drunk, had counsel investigated and developed that theme."

On cross-examination at trial, trial counsel asked the wife: "When's the last time that you had anything to drink?" The State objected and the district court overruled the objection. After the overruled objection, instead of returning to her question regarding the wife's most recent alcohol consumption, trial counsel asked a different question. The district court concluded that had the wife admitted to drinking prior to testifying, the testimony of the State's key witness would have been called into question. As such, trial counsel's failure to elicit an answer from the wife was not a tactical decision, and it was objectively unreasonable not to ask the question and obtain a response. The district court also found Marr was prejudiced by trial counsel's failure to elicit an answer because, "[i]f the jury had had the opportunity to hear that [the wife] was under the influence of alcohol while testifying, they would have looked more favorably on Marr's version of events."

9

As noted above, to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self*, 145 Idaho at 580, 181 P.3d at 506. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. The State does not contest the district court's finding of deficient performance, but only asserts the district court erred in concluding Marr established prejudice.

Here, Marr has not shown a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. Trial counsel testified it was on her radar that the wife may have been drinking the day of trial, seemed shaky, and mumbled her words. However, no evidence was presented that the wife would have answered that she was under the influence of alcohol had trial counsel elicited a response. A showing of prejudice requires more than a mere speculation about what the witness may have said. *See Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Thus, the district court erred in finding Marr was prejudiced by trial counsel's failure to elicit a response from the wife regarding her alcohol consumption on the day of trial.

## IV.

## CONCLUSION

The district court erred in holding Marr's trial counsel provided ineffective assistance of counsel for failing to call the trooper to testify at trial as to the wife's character and reputation for belligerent and difficult conduct while intoxicated because nothing in the trial record links a reasonable investigation to the trooper. The district court also erred in finding Marr was prejudiced from trial counsel's failure to cross-examine the wife regarding her alcohol consumption on the day of trial. We reverse the district court's judgment granting Marr's petition for post-conviction relief and remand the case to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

10