[Crim. No. 16909. First Dist., Div. Four. Jan. 11, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM HENRY UPCHURCH, Defendant and Respondent.

**COUNSEL**

*Evelle J. Younger*, Attorney General, *Jack R. Winkler*, Chief Assistant Attorney General, *Edward P. O'Brien*, Assistant Attorney General,

Robert R. Granucci and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

CHRISTIAN, J.—The People have appealed from an order rendered pursuant to Penal Code section 995 by which the superior court set aside an information charging respondent William Henry Upchurch with destruction of prison property (Pen. Code, § 4600) and conspiracy to destroy prison property (Pen. Code, § 182). We affirm the order.

At the preliminary hearing the prosecution presented evidence that respondent, an inmate at the state prison at Soledad, smashed the state-owned television set with which his cell was furnished. There was evidence also that respondent acted in concert with other inmates who smashed their television sets, as an act of protest and defiance connected with the discipline of another inmate.

 Penal Code section 4600 provides felony punishment for a person who "breaks down, pulls down, or otherwise destroys or injures any jail or prison, . . ."[1] In granting the motion to set aside the information, the trial court declared that "We have a rule of strict construction dealing with penal statutes . . . ." There is no such rule in California; penal statutes "are to be construed according to the fair import of their terms, . . . to effect [their] objects and to promote justice" (Pen. Code, § 4; 1 Witkin, Cal. Crimes, § 10, pp. 12-13). No statutory definition of the term "prison" has been found, but in common usage the term refers to "A public building or other place for the confinement or safe custody of persons, . . . in the course of the administration of justice" (Black's Law Dict. (4th ed. 1968) p. 1358, col. 1). Under that usage, the statute would apply to damage done to the grounds and structure (including fixtures) of a prison, but not to furniture or equipment such as a television set. Damage to state-owned furniture or equipment located in a prison would be punishable as malicious mischief, a misdemeanor (Pen. Code, § 594) but not as the

---

[1]The statute provides a misdemeanor penalty for damage of $200 or less to any "city, city and county or county jail property . . . ."

felony offense of destroying or damaging the prison itself. The court acted correctly in setting aside the information.

Affirmed.

Caldecott, P. J., and Ragan, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.