IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36299

| | | |
|---|---|---|
| JOSEPH JACKSON BAXTER, | ) | |
| | ) | 2010 Opinion No. 47 |
| Petitioner-Appellant, | ) | |
| | ) | Filed: July 9, 2010 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order of the district court dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant. Jeffrey Brownson argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

PERRY, Judge Pro Tem

Joseph Jackson Baxter appeals from the district court's order summarily dismissing in part his petition for post-conviction relief and denying the remainder of the petition after an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In the underlying criminal case, Baxter was charged with injuring a jail in violation of Idaho Code § 18-7018 for forcibly removing a telephone off of the wall in the block where his cell was located. Baxter was found guilty following a jury trial. He was sentenced to a unified term of six years, with one year fixed and five years indeterminate. Baxter appealed his sentence and it was affirmed by this Court. *State v. Baxter*, Docket No. 32668 (Ct. App. Jan. 3, 2007) (unpublished).

1

Baxter filed a petition for post-conviction relief alleging among other things that I.C. § 18-7018 is unconstitutional, that his trial counsel was ineffective for failing to argue that he did not injure the jail, and that his appellate counsel was ineffective for failing to raise any issue other than imposition of an excessive sentence. The district court appointed counsel to represent Baxter in the post-conviction proceedings. The state filed an answer to the petition as well as a motion for summary dismissal. The district court then filed a notice of intent to dismiss Baxter's petition stating specifically that the dismissal was for the reasons set forth in the state's brief. Baxter filed a response to the court's notice of intent to dismiss arguing that he received ineffective assistance of trial and appellate counsel because his counsel did not argue that the injured telephone was not owned by the jail and he was convicted of a crime he did not commit. The district court subsequently issued an order summarily dismissing the majority of Baxter's claims. However, with regard to his claim that I.C. § 18-7018 is unconstitutional, the district court dismissed on grounds that were different from the grounds it specified in the notice of intent to dismiss and the grounds contained in the state's brief. As for his remaining claims, the district court granted an evidentiary hearing on the issues of whether the jail owned the phone, and whether trial and appellate counsel were ineffective for failing to argue that Baxter's actions did not fall within the injury to jails statute. After the hearing, the district court dismissed the remainder of Baxter's claims. Baxter appeals the dismissal of his petition for post-conviction relief.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the

2

applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Loveland v. State*, 141 Idaho 933, 936, 120 P.3d 751, 754 (Ct. App. 2005). This Court exercises free review of the district court's application of the relevant law to the facts. *Id.*

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's

conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 2729 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*

## III.

## ANALYSIS

### A.    Ineffective Assistance of Counsel Claims

Baxter contends that the district court erred when it denied his petition for post-conviction relief with regard to his claims of ineffective assistance of trial and appellate counsel after an evidentiary hearing. The evidentiary hearing was limited to issues involving ownership of the phone and whether counsel properly argued that Baxter's conduct fell within the statute under which he was convicted.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v.*

4

*State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). The foregoing standards also apply to claims of ineffective assistance of appellate counsel. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007).

### 1. Trial counsel

Baxter asserts that his trial counsel was ineffective for failing to investigate and argue that the phone Baxter damaged in the jail was not actually owned by the jail, and that this failure allowed Baxter to be convicted of a crime he did not commit. Baxter argues that because the jail leased the phones in the facility from a phone company, the phone Baxter pulled off the wall was not the property of the jail. Applying this logic, he argues that the statute he was charged under was inapplicable to his crime. The injury to jails statute provides that an individual is guilty of injuring a jail if he or she "wilfully and intentionally breaks down, pulls down or otherwise destroys or injures any public jail or other place of confinement." I.C. § 18-7018. The language of I.C. § 18-7018 does not include ownership of the injured or damaged property as an element of the offense. As a result, Baxter's claim fails. He has not established deficient performance as his trial counsel's failure to raise the issue of ownership was reasonable under the circumstances. Even if Baxter's trial counsel had raised this argument, he would not have prevailed as the statute does not require ownership. Because he would not have prevailed, Baxter has also not shown any resulting prejudice.

Next, Baxter asserts that when he pulled the phone off of the wall he did not injure the jail because the physical structure of the wall remained intact and undamaged. Baxter argues that because the only resulting damage from his action was to the phone and not the wall itself, he did not injure the actual structure of the jail, and therefore his conduct did not fall within the statute. Baxter's argument is, in essence, one of real property law. He asserts that only the real property encompasses a jail facility. The district court interpreted I.C. § 18-7018 to mean that a person is guilty of felony injury to jail if he or she injures any part of a jail where the damaged property is integral to the operation of the jail, and in this case held that the telephone met that definition. To rebut the district court's determination, Baxter cites *People v. Upchurch*, 143 Cal. Rptr. 113 (Cal. Ct. App. 1978). There, the California court stated:

> No statutory definition of the term "prison" has been found, but in common usage the term refers to "A public building or other place for the confinement or safe custody of persons, . . . in the course of the administration of justice." Under that usage, the statute would apply to damage done to the grounds and structure (including fixtures) of a prison, but not to furniture or equipment such as a

television set. Damage to state-owned furniture or equipment located in a prison would be punishable as malicious mischief, a misdemeanor but not as the felony offense of destroying or damaging the prison itself.

*Id.* at 114 (internal citations omitted).

Baxter argues that because California has an injury to jails statute similar to Idaho's, that this Court should apply the standard quoted above from *Upchurch* to the present case. California Penal Code Section 4600 provides felony punishment for any person who "breaks down, pulls down, or otherwise destroys or injures any jail, prison, or any public property in any jail or prison." However, the California statute also provides misdemeanor punishment for damage to any "city, city and county, or county jail property or prison property." California separates real and personal property within its statute. Therefore, the California statute is distinguishable from I.C. § 18-7018. We do not read I.C. § 18-7018 as limiting the statute to include harm to only the physical structure. Instead, Idaho's statute is all inclusive and incorporates injury to any jail or other place of confinement including its operational and maintenance equipment. For example, modern jail facilities include communication devices and video surveillance equipment that would be covered by the statute as part of the jail.[1] Based on this interpretation of the statute, Baxter would not have prevailed on this argument at trial. Accordingly, Baxter has not shown prejudice for his counsel's failure to raise unsuccessful claims and the district court did not err when it denied his petition for post-conviction relief on the basis that his trial counsel was ineffective.

### 2.    Appellate counsel

Baxter further asserts that the district court erred when it determined that his appellate counsel was not ineffective for failing to raise a sufficiency of the evidence claim on direct appeal. He argues that appellate counsel was ineffective for only making an excessive sentencing argument on direct appeal and that the sufficiency of the evidence claim would have been the more successful claim, especially in light of the information elicited at the post-conviction evidentiary hearing regarding the ownership of the telephone. As determined above,

---

[1]    We further note that because such devices are connected to the actual physical structure of the jail through wiring, they would also be classified as fixtures. Therefore, even if we were to follow the principle from *Upchurch*, the California Court interpreted its statute to specifically include damage to fixtures. As such, Baxter's claim would also fail on this ground.

ownership of the damaged property is not an element of the offense under I.C. § 18-7018. Therefore, because a sufficiency of the evidence claim would not have been successful, Baxter has failed to show deficient performance. Even if appellate counsel had brought a sufficiency of the evidence claim, Baxter would not have prevailed on appeal. Thus, Baxter has also failed to establish that he was prejudiced by appellate counsel's failure to pursue this claim. Accordingly, the district court did not err when it denied his petition for post-conviction relief based on ineffective assistance of appellate counsel.

**B.      Unconstitutional Statute Claim**

Baxter asserts that because the district court *sua sponte* dismissed his claim challenging the constitutionality of the charging statute without providing him the twenty-day notice required by I.C. § 19-4906(b), he is entitled to reinstatement of his claim. The state concedes that the district court dismissed Baxter's claim on a basis not asserted in its notice of intent to dismiss, and that the court did not give Baxter the twenty-day notice required by I.C. § 19-4906(b). Nevertheless, the state argues that based upon the Idaho Supreme Court's recent decision in *Ridgley v. State*, 148 Idaho 671, 227 P.3d 925 (2010), this Court should affirm the district court's dismissal based on the correct theory which was stated in the grounds actually given in the notice of intent to dismiss. I.C. § 19-4906 provides, in pertinent part:

> (b)      When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .
>
> (c)      The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions to agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Our Supreme Court has held that a district court cannot "dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b)." *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). If a district court dismisses on grounds not contained in the state's motion, the applicant does not

have the opportunity to respond and attempt to establish a material issue of fact. *Garza v. State*, 139 Idaho 533, 537, 82 P.3d 445, 449 (2003).

However, in *Ridgley*, the Idaho Supreme Court affirmed the dismissal of Ridgley's claims even though the district court improperly failed to provide Ridgley with notice of the grounds upon which his claims were dismissed. The Supreme Court stated:

> We are unable to conclude that the district court gave Ridgley appropriate notice of its intention to dismiss the first five claims on the basis of res judicata.
> This conclusion does not automatically require reversal, however. Where the lower court reached the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory. Because this Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief, if Ridgley failed to provide admissible evidence supporting these claims, they were properly dismissed.

*Ridgley*, 148 Idaho at 676, 227 P.3d at 930 (internal citations omitted).

In his pro se brief in support of his petition for post conviction relief, Baxter asserted that the injury to jails statute, I.C. § 18-7018, is unconstitutional. The state moved that the district court summarily dismiss this claim for the reason that Baxter merely asserted it in a conclusory fashion and failed to sustain his burden of providing affidavits, records, or other admissible evidence in support of his allegation. The district court issued a notice of intent to dismiss Baxter's petition adopting the state's findings and conclusions. Baxter filed a response to the district court's notice of intent to dismiss, but in his response he did not address further the proposed basis for dismissal of his claim that the statute was unconstitutional. Thereafter, the district court dismissed his claim that the statute was unconstitutional "for the reason that this issue should have been raised on direct appeal," which is a ground different than that in the notice of intent to dismiss.

On appeal the state argues that, although the district court dismissed this claim on a ground not asserted in the notice of intent to dismiss, this Court should affirm the dismissal based on the notice that Baxter's claim that the statute was unconstitutional was conclusory and he failed to provide any admissible evidence in support of his allegation. We are constrained to agree. Without deciding whether the statute is unconstitutional, we conclude that although the claim was dismissed by the district court on grounds different than those contained in the notice of intent to dismiss, this does not automatically require reversal. The Supreme Court's holding

in *Ridgley* applies in Baxter's case. After notice was given, Baxter failed to provide any evidence supporting his claim that the statute is unconstitutional. Baxter did not show how the statute was unconstitutional on its face, or as applied to him and his conduct. Thus, Baxter's claim was merely conclusory, and insufficient to meet his burden of proof. Therefore, the district court properly dismissed this claim. Accordingly, we affirm the district court's dismissal of Baxter's claim based on the notice actually given in the notice of intent to dismiss.

## IV.
## CONCLUSION

The district court did not err when it denied Baxter's petition for post-conviction relief with regard to his claims of ineffective assistance of trial and appellate counsel after an evidentiary hearing. Furthermore, the district court did not err when it summarily dismissed Baxter's petition for post-conviction relief because even though the district court dismissed on grounds different from those asserted by the state, the dismissal was proper based on the reasons given in the notice of intent to dismiss. Accordingly, we affirm. No costs or attorney fees on appeal.

Judge GRATTON and Judge MELANSON **CONCUR.**