**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41196**

| | | |
|---|---|---|
| **DONALD GENE MORRIS,** | ) | **2014 Unpublished Opinion No. 724** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 17, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying petition for post-conviction relief, <u>affirmed</u>.

Donald G. Morris, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Donald Gene Morris appeals from the denial of his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 4, 2011, the district court sentenced Morris on fifteen counts of possession of sexually-exploitive material. The court imposed a unified sentence of twenty-four years with three years determinate. Ten days later, Morris's attorney filed an Idaho Criminal Rule 35 motion for leniency. However, the motion was not accompanied by argument or new information to explain why the sentence should be reduced. The following day, the court denied the motion without a hearing. Morris appealed, and this Court affirmed the judgment and sentence. *State v. Morris*, Docket No. 39450 (Ct. App. Sept. 24, 2012) (unpublished). In that appeal, Morris argued that the district court erroneously relied on Morris's polygraph

1

examination and the instability of his housing situation when the court sentenced him. He also alleged that the district court imposed an excessive sentence.

Morris subsequently filed a pro se petition for post-conviction relief alleging that the district court imposed an excessive sentence. Morris also alleged that his trial counsel was ineffective for promising that he would receive probation, failing to object at sentencing, and failing to include supporting material with the Rule 35 motion. The district court appointed counsel and held an evidentiary hearing. At the hearing, Morris testified regarding his various claims of ineffective assistance of counsel. The court took judicial notice of transcripts from the change of plea and sentencing hearing, the plea agreement, the guilty plea advisory form, the judgment and this Court's opinion from the underlying criminal case, and the presentence investigation report. The State did not present any evidence indicating that Morris's trial counsel declined to participate because he was unavailable on the date of the evidentiary hearing. The district court denied Morris's petition for post-conviction relief. Morris timely appeals.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the

2

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A.      Failure to Object at Sentencing

Morris argues his attorney provided ineffective assistance at the sentencing hearing by failing to object to the court's reliance on the polygraph exam. Morris argues his attorney should have objected because he told counsel that he had only slept two to three hours before taking the exam. He testified the examiner, who administered the polygraph test, warned him that a lack of sleep could affect the results. The court assumed Morris's testimony was true regarding informing his attorney about the lack of sleep, but found that Morris failed to present evidence that the result would have been different. Though the presentence investigation report (PSI) shows that Morris told the examiner he had only slept two to three hours in the twenty-four hours before the test, Morris did not submit any evidence to establish that this affected the results of his test or present another examination showing that the results were skewed. Thus, Morris failed to meet his burden to establish he was prejudiced by his defense attorney's failure to object because he presented no evidence that the lack of sleep played a role in his polygraph results.

Morris also argues that his attorney was ineffective by failing to object to the sentencing court's consideration of his lack of housing when determining whether or not to place him on probation. The district court did not address this specific argument, and it is unclear if Morris argued below that this failure to object was a claim of ineffective assistance of counsel or was a

3

challenge to Morris's sentence.[1]  Even assuming Morris presented this claim below as a claim of ineffective assistance of counsel, we cannot agree that his attorney should have objected to the court considering his residential status in determining whether to grant probation.  The sentencing court summarized Morris's continued change in housing arrangements.  Morris indicated he had been living in a car, moved into a men's shelter in Wyoming, and was attempting to find more permanent housing.  This consideration was appropriate.  The ability of the probation office to contact a probationer is a relevant consideration, and Morris's fluctuating living arrangements were properly considered by the court.  Thus, Morris's trial counsel was not ineffective for failing to object.

### B.      Promise of Probation

At the evidentiary hearing, Morris testified that his attorney promised him that he would receive probation if he participated in the psychosexual evaluation and polygraph examination. He testified that if it were not for this promise, he would not have pled guilty.  The district court denied this claim because before Morris pled guilty, he was told several times that no promises could be made regarding sentencing.  Morris's plea agreement with the State was for an open recommendation, with the understanding that the court was not bound by any agreement.  The guilty plea advisory form also asked whether Morris pled guilty based on any promises, which Morris answered in the negative.  In addition, the district court found that Morris voluntarily completed the psychosexual evaluation.  Morris was informed before taking the evaluation that he did not have to participate and he could invoke his right to remain silent.  Even assuming a promise was made, the district court concluded that Morris failed to establish prejudice since he pled guilty with numerous indications he knew the court could sentence him to imprisonment and he underwent the psychosexual evaluation voluntarily after being informed he did not have to participate.  We agree with the district court's analysis.  Morris is unable to establish prejudice given that he voluntarily participated in the evaluation and examination, while knowing the court was under no obligation to grant him probation and any promises thereof were invalid.

---

[1]      It is unclear if Morris challenges the district court's conclusion that an attack on a sentence is not appropriate under the post-conviction statute.  To the extent he does, the district court correctly concluded that the challenge of an excessive sentence is improperly brought under the post-conviction statute.  *See* Idaho Code § 19-4901.  Further, this Court held that Morris's sentence was not excessive in his previous appeal.

4

## C.    Rule 35 Motion

The district court found that Morris's attorney failed to submit supporting argument with the Rule 35 motion requesting leniency.  The district court also found that the attorney's performance was deficient because a defendant bears the burden to establish if leniency is warranted.  The court concluded that by failing to present information or argument that the attorney's motion was the equivalent of not filing a motion at all.  Despite this finding, the court concluded that Morris again failed to establish prejudice because he did not provide any information that could have been presented during the timeframe for filing a Rule 35 motion to warrant a different result.  On appeal, Morris merely argues that his attorney was deficient for not filing anything with the motion for leniency.  He does not argue why leniency was warranted. He submitted no evidence which could have been included with a timely Rule 35 motion. Assuming for purposes of Morris's appeal that the attorney's conduct was deficient, we agree that Morris failed to establish prejudice.  Morris did not indicate what argument or new information would have warranted a reduced sentence.  Thus, Morris has failed to satisfy a showing of prejudice.[2]

### III.

### CONCLUSION

Morris has failed to show his trial attorney provided ineffective assistance of counsel. Therefore, the denial of Morris's claim for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[2]    Given that we agree with the district court's analysis that Morris failed to establish prejudice, we do not address the State's alternative arguments regarding the Rule 35 claim.