## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45040

| | |
|---|---|
| KENNETH EUGENE THURLOW, | ) |
| | ) Filed: August 13, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order denying petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kenneth Eugene Thurlow appeals from the district court's order denying his petition for post-conviction relief after an evidentiary hearing.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court set forth the factual and procedural background on Thurlow's direct appeal as follows:

In August 2005, Thurlow and Christopher Lewers went to a junkyard armed with concealed shotguns and baseball bats. The victim, who was working on his vehicle near the junkyard's garage, was shot in the head with a shotgun at close range. Prior to the shooting, Thurlow approached a caretaker, who was working in the junkyard garage, and asked the caretaker if he had any muriatic acid. The caretaker left the garage and went to his residence on the junkyard property to look for the acid. When he was unsuccessful in locating the acid, the caretaker began to walk back to the garage to notify Thurlow. However, as he was leaving his residence, he noticed Thurlow approaching. Thurlow told the caretaker that the victim was dead and asked for help loading the body into a

1

nearby truck. The caretaker walked back toward the garage and observed the victim's body lying on the ground and Lewers standing nearby.

The caretaker informed Thurlow and Lewers that the truck was inoperable and, fearful for his life, fled the junkyard. After hiding out for several hours, the caretaker returned to the junkyard and called the police. During the caretaker's absence, Thurlow and Lewers stole several items from the victim's truck, left the victim's body behind, and sold the victim's possessions to an acquaintance later that night.

Thurlow was charged with first degree murder, and Lewers was charged with aiding and abetting. Thurlow was represented by one of the conflict public defenders for the county. Prior to trial, Thurlow filed a motion for appointment of co-counsel, which the district court denied. Thurlow went to trial and, at the conclusion of its case-in-chief, the state moved to amend the information to charge Thurlow in the alternative with first degree murder by aiding and abetting in the crime. The jury found Thurlow guilty of first degree murder. I.C. §§ 18-204, 18-4001, 18-4002, 18-4003(a), 18-4004.

The district court entered a judgment of conviction and imposed a fixed life sentence. The judgment of conviction contained two clauses indicating that Thurlow had waived his right to appeal during plea negotiations. The district court entered an amended judgment of conviction removing one of the erroneous waiver statements. A second amended judgment of conviction was then entered removing the other waiver clause. Thurlow appeals, arguing that the district court abused its discretion in denying his request for appointed co-counsel and in imposing an excessive sentence.

*State v. Thurlow*, 152 Idaho 256, 257, 269 P.3d 813, 814 (Ct. App. 2011). This Court affirmed Thurlow's judgment of conviction.

Thurlow filed a pro se petition for post-conviction relief. Thereafter, court-appointed counsel filed an amended petition raising various claims of ineffective assistance of trial counsel. The district court granted the State's motion for summary dismissal on all claims. Thurlow appealed the dismissal of one of his claims to this Court. Specifically, Thurlow asserted his trial counsel was ineffective during the plea negotiation stage because counsel told Thurlow he would only be convicted of felony accessory after the fact. But for this advice, Thurlow claims he would have accepted the State's plea offer instead of proceeding to court. *Thurlow v. State*, Docket No. 42763 (Ct. App. Sept. 12, 2016) (unpublished). This Court concluded there were genuine issues of material fact and remanded the case to the district court.

On remand, the district court held an evidentiary hearing at which Thurlow and his trial counsel testified. The district court concluded that Thurlow had failed to meet his burden to prevail on an ineffective assistance of counsel claim. Consequently, it denied his remaining claim and dismissed his petition for post-conviction relief. Thurlow timely appeals.

2

## II.

## ANALYSIS

Thurlow argues the district court erred by denying his claim of ineffective assistance of counsel. In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

To establish prejudice, a petitioner must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Where there is a claim that deficient performance led to the rejection of a State's plea offer, to establish prejudice the defendant must show: (1) "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been

presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. at 164.

After reviewing the record, it is apparent that Thurlow's remaining claim in his petition for post-conviction relief did not raise the possibility of a valid ineffective assistance of counsel claim. Thurlow did not present a viable claim of deficient performance as required by the first prong of the *Strickland* test. Thurlow asserts that it was objectively unreasonable for his trial counsel to advise him to reject the plea offer and the district court erred in finding Thurlow's testimony at the evidentiary hearing did not establish deficient performance. To support his position, Thurlow notes that during the evidentiary hearing he testified that in late May or early June his trial attorney told Thurlow that she thought if they went to court that Thurlow would be found guilty of accessory to murder and that carried a penalty of five years. However, when asked if they had discussed other possibilities of what may happen, Thurlow responded, "Well, I asked her about that, and she told me that it could possibly be felony murder." On cross-examination Thurlow reiterated, "She had warned me that I could be convicted of felony murder, yes, sir."

Furthermore, Thurlow's assertion is largely centered on a handwritten note his trial counsel made on a copy of I.C. § 18-205, which defines accessories, and sent him via fax:

> Kenny-
>     This is the crime I believe you would/will be found guilty of if we go to trial. Maximum penalty is 5 years. <u>State v. Barnes</u> is attached. It is a Bonner Co. case + explains how little a person has to do to become an accessory after the fact. Thought you might be interested.

However, the date at the top of the fax shows that it was sent September 11, 2006. This is approximately three months after the expiration of the plea offer; therefore, the letter has little to no relevance as recognized by the district court. Additionally, his trial counsel explained that it was in regard to a discussion they had about which other lesser included jury instructions she would be requesting. His declarations on appeal that their meeting in late May or early June lasted approximately fifteen minutes, was held in a visiting area where they sat on opposite sides of a glass barrier speaking on phones, and Thurlow had suffered from mental health and drug addiction issues are similarly unpersuasive in supporting his argument trial counsel's

4

performance fell below an objective standard of reasonableness. Thurlow did not meet his burden of showing that his trial counsel's representation fell below an objective standard of reasonableness.

Thurlow also failed to present a viable claim of prejudice, as required by the second prong of *Strickland*. Regarding the specifics of the plea offer, Thurlow testified his trial counsel explained it was conditioned on both Thurlow and Lewers accepting it, that counsel expressed her belief that Lewers would not accept the offer, and that it was offered for a short period of time. Regarding the requirement, Lewers needed to accept its terms as well, Thurlow was asked at the evidentiary hearing, "So basically the offer was there but it wasn't an offer because Chris Lewers wasn't going to accept it?" Thurlow answered, "That's kind of what I understood, yes." There was no showing that the State's plea offer would ultimately have been available to Thurlow even if he would have tried to accept it. Thus, Thurlow has failed to establish the district court erred in finding no prejudice.

Thurlow has failed to show his trial counsel was ineffective during the plea negotiation stage by providing inaccurate information. Thurlow cannot demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. As such, the district court did not err in denying his remaining ineffective assistance of trial counsel claim.

## III.
## CONCLUSION

Thurlow has failed to establish that his attorney provided ineffective assistance of counsel. Therefore, the district court's judgment denying Thurlow's post-conviction petition is affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS **CONCUR**.