**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48165**

| | |
|---|---|
| ROBERT SCOTT MACKLIN, | ) |
| | ) Filed: December 9, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Robert Scott Macklin appeals from the judgment dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In his underlying criminal case, Macklin pled guilty to grand theft and received a determinate, five-year sentence. The trial court suspended Macklin's sentence and placed him on probation. Subsequently, the trial court revoked Macklin's probation and imposed the original sentence. However, after Macklin was granted post-conviction relief, the trial court suspended Macklin's sentence and ordered him to complete drug court as a condition of probation.

1

Ultimately, Macklin failed to comply with the terms of drug court, resulting in his termination from the program.

The State filed a motion to revoke probation alleging, among other things, that Macklin failed to complete drug court. Subsequently, Macklin admitted to violating the conditions of his probation by failing to successfully complete drug court. Macklin also acknowledged that he was "rightfully terminated from drug court for failing to follow the terms and conditions of that program." Based on his admission, the trial court revoked Macklin's probation and ordered execution of his underlying sentence. Macklin appealed, and we affirmed the revocation of his probation in an unpublished opinion. *See State v. Macklin*, Docket No. 46661 (Ct. App. Oct. 16, 2019).

Macklin filed a petition for post-conviction relief. He later amended his petition to allege, in part, that his counsel during the probation revocation proceedings was ineffective for failing to request a hearing to contest Macklin's termination from drug court. The district court held an evidentiary hearing at which various witnesses testified, including Macklin and his probation revocation counsel. During Macklin's testimony, he began discussing what he learned from drug court. The district court sustained the State's relevance objection to the testimony. After the evidentiary hearing, the district court entered an order denying post-conviction relief and a judgment dismissing Macklin's petition. Macklin appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*,

115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

**III.**

**ANALYSIS**

Macklin asserts the district court erred by excluding evidence of what he learned from drug court and by dismissing his claim that his probation revocation counsel provided ineffective assistance by not requesting a hearing to challenge Macklin's termination from drug court. The State responds that the district court correctly excluded the evidence and dismissed Macklin's claim of ineffective assistance of counsel. We affirm.

**A.      Evidentiary Ruling**

Macklin asserts that what he learned from drug court was relevant and, thus, the district court erred in sustaining the State's objection to his testimony on this point. The State responds that the evidence was not relevant to Macklin's claim for post-conviction relief and that, even if it was relevant, he has failed to show that the exclusion of the evidence affected one of his substantial rights.

In his opening brief, Macklin asserts that "the fact that he learned a lot supported his argument that his attorney should have requested" a hearing to contest Macklin's termination from drug court and would have helped show "a reasonable probability that the hearing would have been successful." As the State notes, however, Macklin does not articulate how his drug court education was relevant to his claim of ineffective assistance of counsel. The conclusory nature of Macklin's argument forecloses our consideration of this issue. *See State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (noting that conclusory arguments, lack of authority to support arguments, or failing to make any attempt to address the factors the reviewing court considers in relation to a claim of error foreclose consideration of the claim of error on appeal). Thus, we do not address the parties' arguments regarding the relevance of the evidence or whether its exclusion affected one of Macklin's substantial rights.[1]

---

[1]      Although Macklin provided additional argument in his reply brief, arguments presented for the first time in a reply brief are not considered. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Even if considered, Macklin's argument in reply fails to show error because the record is insufficient to review the relevance he claims on appeal because he failed to provide an

**B.    Ineffective Assistance of Counsel Claim**

Macklin argues that his probation revocation counsel provided ineffective assistance by not requesting a hearing to challenge Macklin's termination from drug court, which formed the trial court's basis for revoking his probation.[2]  The State responds that the district court properly denied relief on this claim.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

---

offer of proof to the district court.  *See* I.R.E. 103(a) (requiring a party claiming error in a ruling to exclude evidence to inform the court of its substance by an offer of proof unless the substance is apparent from context).  Macklin's testimony on this point was limited to his statement that he "learned a lot," including "the roleplay of man."  This testimony is inadequate to discern the substance of the excluded evidence.

[2]    Below, and on appeal, Macklin characterizes such a hearing as a "Rogers hearing" pursuant to *State v. Rogers*, 144 Idaho 738, 170 P.3d 881 (2007).  The Court in *Rogers* did not, however, address the due process requirements for terminating a defendant from drug court that was imposed as a condition of probation as was done in Macklin's case.  Rather, the drug court program in *Rogers* was a diversionary program, the successful completion of which would result in dismissal of the underlying criminal charge(s).  *Id.* at 739-40, 170 P.3d at 882-83.  We need not decide in this case whether the due process requirements from *Rogers* apply because Macklin's drug court advisory form and his drug court termination order both provided that, if requested, he would be entitled to a hearing regarding his termination.

4

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. In this case, Macklin's claim that counsel was ineffective for failing to request a hearing related to Macklin's termination to drug court is akin to a claim that counsel was ineffective for failing to file a motion.

The drug court termination report listed five violations that formed the basis for Macklin's discharge: (1) having unauthorized contact with an active drug user; (2) traveling outside the Fifth Judicial District; (3) arriving late to a treatment session and failing to appear for a urinalysis test; (4) living in a residence where alcohol and firearms were present; and (5) being unprepared for a treatment session. Following the presentation of evidence at the post-conviction hearing, the district court found that, after reviewing Macklin's case file and conferring with him, his probation revocation counsel concluded that "attempting to challenge [Macklin's] dismissal from [drug court] months after the fact would be fruitless." The district court also found that the witnesses Macklin would have called to challenge his termination from drug court would have "confirmed that Macklin was violating the rules of" drug court. Consequently, the district court concluded that Macklin had failed to show that his probation revocation counsel's performance was deficient or prejudicial.

Macklin does not argue that his probation revocation counsel's decision was the result of inadequate preparation or ignorance of relevant law. Instead, Macklin contends "there is no way in which [his probation revocation counsel's] decision not to dispute [Macklin's] termination from drug court can be seen as strategic." In support, Macklin notes that he informed his probation revocation counsel that the firearms in the residence were locked in a safe and inaccessible to Macklin, that he had permission to live in the residence, and that he was unaware that he had left the judicial district when he went on a fishing trip. Macklin also asserts that his probation revocation counsel's decision was not strategic because he "effectively waived [Macklin's] liberty interest" and "offered no benefit" to Macklin. The question is not whether the decision provided

5

no benefit but, instead, whether counsel's performance was deficient, *i.e.*, objectively unreasonable, and whether there is a reasonable probability that a hearing on the drug court's termination decision would have led to a different outcome. In essence, Macklin asserts his probation revocation counsel's failure to request a hearing was deficient because, if pursued, a hearing would have resulted in Macklin's readmittance into drug court, negating the trial court's basis for revoking his probation. Macklin does not, however, challenge the district court's finding that the witnesses he would have called at such a hearing would have confirmed that he violated the terms of drug court. Rather, Macklin acknowledges that "the district court was correct that [Macklin] could have, at best, provided an explanation or excuse for his conduct." But, Macklin contends, the district court "was incorrect in concluding [that the explanations or excuses] would not have made a difference." We disagree.

In response to the alleged violation that Macklin had unauthorized contact with a drug user, Macklin notes that he informed his probation officer that the person he associated with used prescription drugs. Later, the drug court learned that this person was "addicted to pain killers" and died from an overdose. Having a prescription for drugs is not the same as abusing prescription drugs. Thus, Macklin's excuse lacks merit.

For the violations alleging Macklin was tardy or unprepared for treatment sessions and missing a urinalysis test, Macklin offers no excuse or explanation.[3] Instead, he notes testimony from employees from the treatment clinic that Macklin was doing well in treatment. However, the drug court was aware of similar information--approximately two months before Macklin's termination, the drug court mentioned that it had heard that he was "doing really well with respect to [his] behavior in group [recovery]." Although his progress may have mitigated his violations to some degree, it evidently did not suffice to prevent his termination from drug court.

This leaves the alleged violations regarding Macklin's residence in a place where firearms and alcohol were present and his travel outside the judicial district. At the evidentiary hearing on Macklin's post-conviction petition, his probation officer testified that the owners of the residence initially represented there were no firearms present, but they later showed him where firearms were

---

[3] While at drug court, Macklin said he had "no excuses" for missing his urinalysis test and "no reason" for being unprepared for a treatment session.

6

on the property. The probation officer also testified that, after learning of the presence of firearms, he gave Macklin permission to live at the residence temporarily while he looked for another place to reside. Regarding the fishing trip, Macklin testified that he was unaware he had left the judicial district. His probation officer testified that, if he had been asked, he would have supported an effort by Macklin to get permission to travel outside the district. Although this testimony may have provided Macklin with excuses, comments made by the drug court demonstrate that his excuses would not have changed the outcome.

During his final drug court hearing, Macklin claimed he was unaware there were firearms in the residence. After Macklin also claimed not seeing one of the other occupants drink alcohol, the drug court responded, "I don't believe that you didn't know that there [were] firearms. I don't believe that you didn't know there's alcohol consumption." Next, the drug court inquired regarding Macklin's unauthorized absence from the judicial district:

| [Drug court]: | Let me ask you this. Have you ever been out of the district without authorization? |
|---|---|
| [Macklin]: | No, I have not. No, I have not. |
| [Drug court]: | You have not been? |
| [Macklin]: | No. |
| [Drug court]: | You're looking at me telling me that you have not--you have not been? |
| [Macklin]: | No, I have not. |
| [Drug court]: | Okay. So you didn't go fishing in American Falls with your friend? |
| [Macklin]: | No, I did not. |
| [Drug court]: | You did not? |
| [Macklin]: | We went in the Snake River Canyon just on the other side of Burley. |
| [Probation officer]: | Speaking with . . . Macklin's landlord/roommate, him, [the drug user], and [Macklin] went to American Falls and went fishing on June 16, the day prior to [the drug user's] death, Your Honor. |
| [Macklin]: | And I believe that's in that county. |
| [Probation officer]: | American Falls is in district 6. |
| [Drug court]: | Okay. Well, here's the deal. Again, I think you've been manipulating me, you've been manipulating the team, trying to go through the program according to your own terms and conditions, [I've] made the decision that it's not working out in drug court, I'm going to terminate you from the program. |

7

Thus, Macklin had presented excuses or explanations, rejected by the drug court, similar to the ones he now asserts his probation revocation counsel should have presented at a hearing challenging Macklin's termination from drug court. In light of the drug court's comments regarding Macklin's credibility and intent to manipulate, we conclude that Macklin has failed to show that his excuses or explanations would have led to his readmittance to drug court had counsel requested a hearing regarding Macklin's termination. As Macklin himself acknowledged at his probation disposition hearing, he was "rightfully terminated from drug court." Because the revocation of his probation was based on his termination from drug court, Macklin has failed to show a reasonable probability that the outcome of the probation disposition hearing would have been different. Consequently, Macklin has failed to show the district court erred in rejecting his claim that his probation revocation counsel was ineffective.

## IV.

## CONCLUSION

The conclusory nature of Macklin's argument in his opening brief forecloses our consideration of whether the district court erred in excluding evidence of what he learned from drug court. Macklin has failed to show the district court erred in dismissing his claim that his counsel was ineffective by deciding not to request a hearing regarding Macklin's termination from drug court. Thus, Macklin has failed to show that the district court erred in dismissing his petition for post-conviction relief. Consequently, the judgment dismissing Macklin's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.