# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50611

DWAYNE CHARLES CHRISTIANSEN, )
                                 )
          Petitioner-Appellant, )
                                   )
v. )
                                   )
STATE OF IDAHO, )
                                   )
          Respondent. )
                                   )

Filed: May 5, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of the district court denying petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Dwayne Charles Christiansen appeals from the district court's judgment denying his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Christiansen was charged with trafficking in methamphetamine. Prior to trial, Christiansen's trial counsel received affidavits from two women, in which both women took ownership of the methamphetamine. However, at trial, each woman took the witness stand and invoked their Fifth Amendment right to silence. Each woman was then dismissed as a witness without making any further statements. The jury found Christiansen guilty. Christiansen was sentenced to a unified term of ten years, with a minimum period of confinement of three and one-half years.

1

Christiansen filed an Idaho Criminal Rule 35 motion, which the district court denied. He then appealed and this Court upheld the denial.[1] Christiansen then filed a petition for post-conviction relief followed by an amended petition. The State filed an answer and a motion for summary disposition. The district court dismissed all claims with the exception of Christiansen's claim of ineffective assistance of counsel regarding the "statements and affidavits of co-defendants." After an evidentiary hearing, the district court denied Christiansen's remaining claim in his petition for post-conviction relief. Christiansen appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

---

[1] *See State v. Christiansen*, Docket No. 48181 (Ct. App. Sept. 9, 2021).

580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Christiansen contends the district court erred in dismissing his claim that his trial counsel was ineffective in failing to impeach the women with the statements made in their affidavits after they invoked their right to remain silent at Christiansen's underlying criminal trial. Christiansen argues that trial counsel could have questioned the women about matters "not directly related to the discovery of the methamphetamine." Christiansen cites to Idaho Rule of Evidence 607 which permits the attack of a witness's credibility. Christiansen also cites to I.R.E. 613 regarding the ability to impeach a witness with prior inconsistent statements.[2] However, Christiansen fails to explain how attacking the women's credibility and seeking to impeach them would be helpful to his case. Each woman took the stand for the limited purpose of asserting their Fifth Amendment right not to self-incriminate through testimony. Therefore, no impeachable testimony was offered by the witnesses.

Christiansen acknowledges that the women invoked their Fifth Amendment right against self-incrimination, thereby deciding not to testify consistent with the affidavits provided prior to trial. Christiansen argues that, if the women were to testify, "the jury would have believed" them. However, Christiansen fails to state what the women would have testified to that was relevant but unrelated to the drug investigation. Further, Christiansen fails to explain how the jury believing

---

[2]     Christiansen acknowledges that he did not provide authority in the district court that would have supported the admission of the affidavits as substantive evidence. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

any potential statement made by the women, unrelated to the drug investigation, would have led the jury to reach a different result than finding Christiansen guilty.

Finally, Christiansen fails to provide any argument as to how he was prejudiced by his trial counsel declining to ask the women questions unrelated to the drug investigation. Because Christiansen fails to state what testimony could have been given by the women, unrelated to the drug investigation that would have changed the outcome of the trial, he has failed to meet his burden to show that his trial counsel rendered deficient performance or that Christiansen was prejudiced by such performance. Therefore, Christiansen has failed to show that the district court erred in dismissing his claim that counsel was ineffective for failing to impeach two non-testifying witnesses who invoked their Fifth Amendment rights in Christiansen's criminal case.

## IV.
## CONCLUSION

Christiansen has failed to show that the district court erred in finding that his trial counsel was not ineffective. Therefore, the district court's judgment denying his petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.