# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49520

JAMES HENRY REILLY,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 6, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

    James Henry Reilly appeals from the judgment denying his petition for post-conviction relief. Reilly argues the district court erred in denying his petition because he proved, by a preponderance of the evidence, that his trial counsel was ineffective. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Pursuant to an I.C.R 11(f) plea agreement, Reilly entered an *Alford*[1] plea to attempted strangulation (I.C. § 18-923). In exchange for his guilty plea, the parties agreed to a suspended unified sentence of seven years, with a minimum period of confinement of three years. The plea agreement included several contingencies, one of which allowed the State to alter its sentencing

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

recommendation if Reilly incurred additional criminal charges or probation violations. The trial court also added an additional caveat to the parties' plea agreement at the change of plea hearing. According to the district court's decision, the following exchange took place between Reilly's trial counsel and the trial court:

[COUNSEL]:      Your Honor, we are wishing to present this to the Court as a Rule 11. . . .

[COURT]:      Okay. Well, normally I don't have a problem with Rule 11s, and there would be a caveat with respect to this Rule 11. There would be required a domestic violence evaluation in this case. If that evaluation returns with Mr. Reilly as a high risk, I would not bind myself to this sentence.

Do you want to discuss that with your client and decide whether he wants to proceed forward?

The record reflects that Reilly and his trial counsel discussed whether Reilly wished to proceed. Trial counsel indicated he advised Reilly to presume his evaluation would come back "high risk" and that Reilly nevertheless wished to proceed. Ultimately, the trial court accepted Reilly's guilty plea, scheduled a sentencing hearing, and released Reilly on his own recognizance.

Prior to Reilly's sentencing hearing, the State alleged Reilly had incurred new criminal charges and violated the conditions of his release. Specifically, Reilly was charged with five new misdemeanor offenses and either tested positive or failed to appear for his random drug testing. As a result, the trial court revoked Reilly's bond and issued a warrant.

At Reilly's sentencing hearing, the trial court acknowledged the parties' plea agreement and discussed the agreement's contingencies. The trial court concluded it was not bound by the plea agreement because the domestic violence evaluator found Reilly was a "high risk" to recidivate. The trial court also found that the State was not bound by the plea agreement because Reilly was charged with additional crimes after he entered his guilty plea. In addition, the trial court referenced Reilly's noncompliance with the terms of his release pending sentencing as justification for its deviation from the terms of the plea agreement. The trial court sentenced Reilly to a unified term of eight years, with a minimum period of confinement of four years, and retained jurisdiction.[2]

---

[2]      The trial court later relinquished jurisdiction after reviewing the addendum to the presentence investigation report (APSI), which recommended the trial court relinquish

Reilly subsequently filed a pro se petition seeking post-conviction relief, and the district court granted Reilly's request for the appointment of counsel. With the assistance of counsel, Reilly filed two amended petitions.[3] Among other claims, Reilly alleged he received ineffective assistance of trial counsel at his sentencing hearing based on trial counsel's failure to object to the court proceeding to sentencing outside the terms of the plea agreement without first giving Reilly the opportunity to withdraw his guilty plea. Following an evidentiary hearing, the district court denied Reilly's petition. Reilly appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Reilly argues the district court erred in denying his petition for post-conviction relief because he proved, by a preponderance of the evidence, that he received ineffective assistance of trial counsel at his sentencing hearing. The State asserts Reilly's ineffective assistance of counsel

---

jurisdiction. Reilly appealed and this Court affirmed. *State v. Reilly*, 169 Idaho 801, 503 P.3d 1017 (Ct. App. 2021).

[3]    We presume the operative petition for purposes of the evidentiary hearing and appeal is the second amended petition filed on November 24, 2021.

argument is unpreserved. Alternatively, the State argues Reilly has failed to show error in the district court's denial of relief on this claim. We hold that Reilly has failed to meet his burden of showing error in the district court's denial of post-conviction relief.

## A. Preservation

As a preliminary matter, we address the State's preservation argument. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The State contends that Reilly's ineffective assistance of counsel argument concerning trial counsel's failure to object on I.C.R. 11(f) compliance grounds is not properly preserved on appeal because the argument was not raised below. We disagree.

In his second amended petition for post-conviction relief, Reilly asserted that the trial court should have adhered to the plea agreement and that trial counsel's failure to object or contest the trial court's deviation from the plea agreement amounted to ineffective assistance of counsel. These allegations, and Reilly's related evidence and arguments at the evidentiary hearing, preserved his claim that he received ineffective assistance of counsel in relation to trial counsel's failure to object to the trial court's noncompliance with I.C.R. 11(f). Thus, we will consider the merits of Reilly's argument that the district court erred in denying relief on this ineffective assistance of counsel claim.

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Reilly asserts the district court erred in denying post-conviction relief on his claim that trial counsel was deficient for failing to object to the trial court not giving Reilly an opportunity to

4

withdraw his guilty plea after the trial court determined that it would not follow the sentence agreed upon as part of the I.C.R. 11(f) plea agreement. According to Reilly, because the trial court did not formally reject the plea agreement until the sentencing hearing, I.C.R.11(f)(4)(C) required the trial court to afford Reilly an opportunity to withdraw his guilty plea at the sentencing hearing, and trial counsel should have objected to the trial court's failure to do so. The State responds that Reilly failed to show error in the district court's denial of relief on this claim because it is uncontested that he did not want to withdraw his guilty plea. As a result, the State argues, Reilly cannot show trial counsel was deficient by not securing an opportunity to file a motion Reilly did not wish to pursue. The district court made several factual findings following the post-conviction evidentiary hearing, which support the State's argument. Those findings include:

> 17. [Reilly's] attorney testified at the hearing of this matter. She testified that, in the four month span between the entry of his guilty plea and his sentencing hearing, [Reilly] did initially indicate his desire for a new attorney, and that [Reilly] also expressed a desire to withdraw his guilty plea.
> 18. However, [Reilly's] attorney testified that she had "many" conferences with [Reilly] discussing whether [Reilly] wanted her removed as his counsel and whether [Reilly] desired to move the court to withdraw his guilty plea. Based upon multiple meetings and conferences with his attorney, [Reilly] decided not to request a new attorney, and also decided not to withdraw his plea of guilty.
> 19. Based on the Court's observations of the witnesses' demeanor while testifying, as well as the motivations and bias of the witnesses, the Court finds the testimony of [Reilly's] attorney to be more credible. Specifically, the Court finds [Reilly's] assertions that at the sentencing hearing he wished for the court to appoint him different counsel, and that he wished to withdraw his guilty plea, to lack any indicia of truthfulness.

Reilly does not challenge any of these factual findings.[4] Instead, Reilly seeks to avoid these factual findings by arguing that whether he "desired to withdraw his guilty plea prior to the rejection of the guilty plea by the trial court at sentencing is of little weight compared to whether he desired to do so after the rejection formally occurred." In relation to this, Reilly notes the

---

[4] The only factual finding Reilly challenges on appeal is the district court's finding that the trial court "rejected" the plea agreement at the change of plea hearing. Both Reilly and the State agree this finding was erroneous. The parties assert that, rather than rejecting the plea agreement at the change of plea hearing, the trial court deferred its decision to accept or reject the agreement, *i.e.*, impose the agreed upon sentence, until it reviewed Reilly's domestic violence evaluation. This erroneous factual finding does not factor into our analysis of Reilly's claim on appeal.

absence of evidence that his trial counsel discussed the option of whether to withdraw his plea "if the district court rejected the Rule 11 agreement at sentencing." The district court's factual findings regarding Reilly's desire to withdraw his guilty plea cannot be parsed in a way that supports his argument. Moreover, to the extent there is an absence of evidence, the burden was on Reilly to prove his claim and any lack of evidence to support his claim is attributable to him.

Since it is undisputed that Reilly had no intention of withdrawing his guilty plea, his trial counsel was not deficient for not objecting to the lack of an opportunity for Reilly to withdraw his plea or for failing to file a motion to do so. Because Reilly failed to show his trial counsel's performance was deficient, we need not address the prejudice prong. Reilly has failed to show the district court erred in denying post-conviction relief.

## IV.
## CONCLUSION

Reilly has failed to show that the district court erred in denying his petition for post-conviction relief. The judgment denying Reilly's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.